## 474.  Rouse *v*. The State.

Russell, J. 1. In the exercise of the right of questioning witnesses, a presiding judge should not, by the form or manner of his examination, intimate any opinion upon the facts. *Sharpton* v. *State*, 1 *Ga. App.* 542, 57 S. E. 929.

2. "In charging upon the prisoner's statement, a trial judge can employ no better language than that embodied in the Penal Code, § 1010." *Fields* v. *State*, 2 *Ga. App.* 41, 58 S. E. 327.

3. "The office of a charge by the court is to give to the jury such instruction touching the rules of law pertinent to the issue involved in the pending trial, as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents law and fact make a verdict. In delivering his charge the trial judge should carefully avoid an invasion of the province of the jury. He should refer to the evidence only so far as is necessary to present the leading issues in the cause, leaving the minor contentions of opposing counsel to the consideration of the jury under appropriate general instructions. It should contain no such summary of the evidence as might to a jury either seem to be an argument or amount to the expression or intimation of an opinion thereon. It is therefore error . . . for the presiding judge to repeat the substance of the testimony of the State's witnesses as detailed from the stand, and submit this with the argumentative deductions drawn therefrom by the State's counsel, as the issues in the case." *Thomas* v. *State*, 95 *Ga.* 484 (3), 22 S. E. 315.

4. In all cases, in stating the contentions of the parties, the contention of each should be alike fairly stated, and, if a statement of the contention or position of a party be attempted, it must be correctly given.

5. The trial judge, in stating the contentions of a party, should not so mix and mingle such contentions with the inferences and deductions favorable to such party as to present such contentions to the jury in the form of an argument; and this is especially erroneous where the contentions of the opposite party are more meagerly presented or incorrectly stated.

6. "In the courts of this State juries, and not judges, sum up the evidence." *McVicker* v. *Conkle*, 96 *Ga.* 597, 24 S. E. 28. The judge should not, in his charge, review in detail each fact and circumstance in testimony in such a way as tends to impress the jury that the testimony has established the contention of one of the parties, or that certain testimony is entitled to more weight than other; and to so particularize and argumentatively enforce upon the jury various inferences which *may* arise from the evidence is an intimation of opinion forbidden by the Civil Code, § 4334; and the error is not diminished by the use of such expressions as "the State insists," "it is contended," etc. *Suddeth* v. *State*, 112 *Ga.* 409 (3), 37 S. E. 747.

7. While it is not incumbent on a trial judge (in the absence of a written request) to charge the law as to impeachment of witnesses, still, where the subject is referred to in the charge, proper and adequate instructions thereon should be given. Where reference is made in the

charge to subjects upon which by law no charge is necessary without request, the jury should be properly instructed on the subjects thus referred to.

                                            *Judgment reversed.*

Indictment for adultery and fornication, from Worth superior court—Judge Spence.   April 24, 1907.

Argued May 27,—Decided June 20, 1907.

*Payton & Hay,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.