## 694.  SMITH *v.* THE STATE.

1. The evidence in behalf of the defendant would have fully authorized an acquittal, but the evidence of the witnesses for the State warranted a conviction, and, the credibility of the witnesses being exclusively for the jury, the trial judge did not err in overruling the motion for new trial.
2. An exception that the court, by ·certain language used in the presence of the jury, intimated an opinion as to the evidence is not included within the general exception that the finding complained of is contrary to law.

Indictment for misdemeanor, from Fannin superior court— Judge Gober.  July 13, 1907.

· Submitted October 9, 1907.—Decided January 29, 1908. ·

*C. H. Griffin, T. A. Brown, O. R. DuPree,* for plaintiff in error.

*B. F. Simpson, solicitor-general,* contra.

RUSSELL, J.  The defendant (now plaintiff in error) was convicted of misdemeanor.  There was a total variance in the testimony for the State and that in behalf of the defendant.  There was evidence which would have fully authorized the jury to acquit the defendant.  Other evidence fully warranted the verdict of guilty, which was rendered.  In this state of the case, there ·is nothing for this court to review.  The jury simply exercised their right of preference in determining which were the more credible witnesses.  It is a case·of conflicting testimony, and there is no arbiter to decide the conflict except the jury.  We have so· often stated that this court is without jurisdiction to determine issues of fact that it seems unnecessary to even refer to the subject.

2.  In the brief of the evidence approved by the trial judge there appear certain questions asked by the judge, and the answers thereto.  Complaint is made in the brief of the plaintiff in error that the judge violated the spirit of §4334 of the Civil Code, and the decision of this court in the case of *Rouse* v. *State, 2 Ga. App.* 184 (58 S. E. 416), and other decisions, by intimating his opinion, by means of questions which disparaged the defendant's witnesses and tended to prejudice the jury against their testimony. There is no assignment of error presented by the mere incorporation of these questions and the answers thereto in the brief of the evidence.  For this court to consider whether the language used by the court in propounding the questions quoted in the brief, a. speoial exception should have been taken thereto, and a distinct.

assignment of error presented. This court can not, under the general assignments (such as appear in the motion for new trial in this case) that the verdict was contrary to law and contrary to evidence, consider the conduct of a trial judge. It requires a special assignment of error and a direct exception to present, for the consideration of this court, conduct of a trial judge which is claimed to be prejudicial to the rights of a party to a cause. We are therefore unable to consider the point which counsel for the plaintiff in error attempts to raise in his brief. As held in previous decisions, the only effect of including such matter in the brief of evidence, in the form in which it is presented in the present record, would be to work a dismissal of the writ of error, or an affirmance of the judgment.            *Judgment affirmed.*