## 51908. FULLER v. THE STATE.

DEEN, Presiding Judge.

The defendant was indicted and tried for the murder of his wife. According to his testimony, he told the family during the evening that he was going out. His wife left the house. Shortly thereafter he put a shotgun on the floorboard of his car and drove to a house where, according to other testimony, a female friend lived. As he prepared to get out his wife, hidden in the back of the car, stabbed him in the neck and cut him on the lip with a paring knife, then ran around the back of the house. He took the shotgun and followed. Apparently unable to make her way out, she turned back toward him, and, as he testified: "Q. Did you tell her to stop? A. Yes, I told her to stop, and I told her not to come closer. And she started towards me, and I hold the gun up and I just pulled the trigger. Q. Well, why didn't you turn around and run? A. I was afraid if I turned around and run she would stab me in the back." He appeals from his conviction of voluntary manslaughter. *Held:*

1. The defense contends that because the defendant also testified that he merely "shot" from a distance of five or six feet but without any intention of killing his wife, the court should even in the absence of request have charged the defenses of misfortune or accident. Accident, unless a substantive issue in the case, need not be charged in the absence of request. *Whigham v. State,* 131 Ga. App. 261 (2) (205 SE2d 467). The use of a deadly weapon in the manner likely to produce death will raise a presumption of intention to kill. *Chandle v. State,* 230 Ga. 574 (198 SE2d 289). The defendant's testimony here was not to the effect that the gun accidentally went off but that, while he was following his wife, she doubled back toward him and he fired the gun, fearing she would do him further harm. Under the facts of this case failure to charge on accident was not error.

2. While it is true that the jury might have found from the testimony of a witness within the adjacent house that the confrontation between the defendant and his wife lasted some twenty or so minutes, under his own explanation the wife stabbed him, ran, he followed, she

turned toward him, and he shot because he was afraid she would stab him again. The jury was authorized to believe this sequence of events and yet find that the shot was fired in the immediate heat of passion, and that it was not justifiable. Accordingly, the court properly submitted voluntary manslaughter as one of the verdict alternatives. "On the trial of a murder case, if there is any evidence to create a doubt, however slight, as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both offenses should be given." *Gresham v. State,* 216 Ga. 106 (2) (115 SE2d 191). The evidence supports the verdict.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

SUBMITTED MARCH 2, 1976 — DECIDED MARCH 15, 1976 — REHEARING DENIED MARCH 25, 1976.

*John Wright Jones,* for appellant.
*Andrew J. Ryan, Jr., District Attorney, Mark Nathan, Assistant District Attorney,* for appellee.