## 55196. SAUNDERS v. THE STATE.

SHULMAN, Judge.

Appellant was convicted by a jury of theft by receiving stolen property. Various stolen items were

found in the possession of appellant, either in a mini warehouse which he had rented, at his residence, or at the home of a relative in North Carolina. Appellant's defense was that he had no knowledge that the items were stolen property and that they must have been stolen by one Glen Horton, appellant's roommate. This contention was denied by Horton.

1. Appellant enumerates error on the failure of the trial court to grant his motion for directed verdict. He claims that the state's case was fatally defective in that it failed to establish knowledge by appellant that the goods were stolen, such knowledge being an essential element of the offense. This enumeration is without merit.

Code Ann. § 26-1806 requires that the accused "[know] or should know [the property] was stolen. . ." " 'Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods. It may be shown by circumstances which would excite suspicion in the mind of an ordinarily prudent man.' [Cits.]. . .

"However, there was circumstantial evidence which the jury was authorized to consider and upon which they were authorized to conclude that the defendant did know that the [property was] stolen when he bought [the property]." *Hudgins v. State,* 125 Ga. App. 576, 578 (188 SE2d 430).

In *Birdsong v. State,* 120 Ga. 850, 853 (48 SE 329), the Supreme Court stated: " 'Circumstances may convict of the defendant's knowledge, as well as actual and direct proof. Indeed, it is rare that knowledge can be brought home to the receiver of . . . goods stolen by somebody who knows what the receiver knew touching the fact that they were stolen. The circumstances, the time, the secrecy, all the transactions before, at the time and afterwards, may be brought to bear upon what was the knowledge of the receiver; and if from all these the jury can conclude that the receiver did have good reason, as a reasonable person, to believe or suspect that the goods were stolen, they may well conclude, if he did not inquire and investigate before he received them, that he had knowledge, such as the law will charge him with, of the character of the goods and of the person from whom he received, as one who had stolen them.' " See also *Poole v. State,* 144 Ga. App. 228 (2).

This court held in *Haugabrook v. State,* 142 Ga. App. 714, 715 (236 SE2d 890): " 'This court is still committed to the rule that unexplained possession of recently stolen goods is not sufficient in itself to authorize a conviction for receiving stolen goods, but that such possession may be used in conjunction with other evidence . . . to infer the knowledge required by the statute. [Cit.]' [Cit.]

" ' "[T]he question of whether the explanation of the possession offered by the defendant in his statement alone, that he found the property, is a satisfactory explanation, is a question for the jury." [Cit.]' [Cit.]" In the instant case, all the circumstances being considered, there was more than sufficient evidence to warrant a jury determination.

2. Appellant also enumerates error on the charge of the court, contending that the trial judge failed to instruct the jury that knowledge that the goods were stolen was an essential element of the crime. A reading of the whole charge clearly reveals that the court did in fact charge that knowledge was an essential element. See *Birdsong v. State,* supra, p. 854.

3. Another enumeration of error complains of the admission into evidence of testimony of an officer that he had taken a statement on a burglary charge rather than for receiving stolen goods. Appellant argues that this placed his character in issue. We cannot agree.

"The testimony was not itself inadmissible under the 'other criminal transactions' rule. 'It is no objection to evidence which has a direct relevancy to the case on trial that it also tends to show a distinct and separate crime on the defendant's part.' [Cits.]" *Barron v. State,* 109 Ga. App. 786 (3), 791 (137 SE2d 690).

4. Appellant contends that the trial court erred in allowing the state to introduce evidence showing that the appellant owed rent. This evidence was clearly used in rebuttal of appellant's own statement as to his financial condition at the time of the occurrence and was admitted only for the limited purpose of rebuttal. No harm to appellant is shown.

5. The enumerations of error based on the general grounds are without merit. " 'After a verdict, approved by the trial court, the evidence must be construed by this

court in its light most favorable to the prevailing party with every presumption and inference being in favor of upholding that verdict. [Cits.]' [Cit.] It is clear that the jury here determined that [the accused's] explanation was not adequate and the evidence presented by the state was ample to support the verdict. See *Pounds v. State,* 136 Ga. App. 852 (222 SE2d 629) (1975)." *Haugabrook v. State,* supra, p. 715. The evidence here fully warranted the verdict.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 30, 1978 — DECIDED MARCH 10, 1978.

*Strother, Hicks & Wallace, Glenn H. Strother,* for appellant.

*Bryant Huff, District Attorney, P. Samuel Huff, Assistant District Attorney,* for appellee.