## 57815. WARD v. THE STATE.

UNDERWOOD, Judge.

Appellant, Queen Ward, was indicted for murder and convicted of voluntary manslaughter. On appeal she brings five enumerations of error. We affirm.

On the night of August, 10, 1978 Ward and Troy Carter, a friend for several years, went to a restaurant in a boarding house which Ward helped to operate. Ward's husband had died a year earlier and she asked Carter to accompany her as she would be returning late at night and she did not want to drive alone. During the course of the evening Carter asked Ward several times to leave and return to Cartersville, indicating he had to go to work at 6:00 a. m. the next morning. She stated she would go when she was finished working and Carter, who had been drinking, became angry. He went out of the restaurant once, returned and asked Ward again to go. She was not ready and Carter became loud and abusive to Ward. Finally, after calling her several obscene names, he got the keys to her car and said he would wait for her in the car. Around 1:00 a. m. Ward went outside where another argument ensued and Carter was fatally shot. The evidence is conflicting as to the immediate circumstances of the shooting. Ward insisted that she was knocked down by Carter and thought he was going to choke her which caused her to take a .22 caliber pistol out of her purse and shoot him. Other testimony sought to establish that she was not in immediate danger when she fired the shot.

1. In Enumerations 1 and 2 appellant contends that the trial court erred in instructing the jury that there was an option of finding her guilty of voluntary manslaughter, and if the jury found she was not guilty of murder it should then determine whether she was guilty of voluntary manslaughter.

Code Ann. § 26-1102 provides that "A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; . . ." Our Supreme

Court has held that a trial judge "may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation." *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) (1976). "When a homicide is neither justifiable nor malicious, it is manslaughter, and if intentional, it is voluntary manslaughter." *Starr v. State,* 134 Ga. App. 149 (213 SE2d 531) (1975). "The sufficiency of the provocation and question of 'cooling time' are in all cases for the jury. Code Ann. § 26-1102." *Reynolds v. State,* 131 Ga. App. 247 (205 SE2d 536) (1974). "On the trial of a murder case, if there is any evidence to create a doubt, however slight, as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both offenses should be given." *Gresham v. State,* 216 Ga. 106 (2) (115 SE2d 191) (1960); *Fuller v. State,* 138 Ga. App. 241, 242 (225 SE2d 718) (1976). Under the circumstances of this case, it was not error for the trial court to instruct on voluntary manslaughter.

2. The trial court clearly charged the jury that it should acquit Ward if it found the homicide to be justifiable, and there is no merit to the contentions asserted in Enumeration 2.

3. In Enumeration 3, Ward contends that the trial court erred in failing to instruct on the offense of involuntary manslaughter. Ward admitted that she shot the victim. This, of course, raises a presumption that she intended to kill him. See generally *Moon v. State,* 68 Ga. 687 (7); *Chandle v. State,* 230 Ga. 574, 575 (198 SE2d 289) (1973). A charge on involuntary manslaughter is not warranted where the evidence establishes without conflict that the killing was intentional rather than unintentional. See generally Code Ann. § 26-1103; *Jackson v. State,* 234 Ga. 549, 551 (216 SE2d 834) (1975); *Bullock v. State,* 150 Ga. App. 824 (1979); *Simpson v. State,* 150 Ga. App. 814 (1979). The facts in the instant case provide no evidentiary basis for a charge on involuntary manslaughter.

4. Ward contends in Enumeration 4 that the trial court erred by not requiring a medical expert to answer a hypothetical question based on facts in evidence. The question related to the angle of a bullet and where Ward

and Carter would have to be positioned for a bullet to enter Carter at the angle found in the autopsy. The doctor was not a ballistics expert, and the defense counsel was allowed to ask the same hypothetical question of a police officer who was able to answer the question. As the police officer's response was favorable to the defense, any error was harmless and this enumeration is without merit.

5. The final enumeration is based on the general grounds that the verdict is contrary to, and not supported by, the evidence. Assessing the creditability of the witnesses and resolving conflicts in testimony is the responsibility of the jury. *Coats v. State,* 234 Ga. 659, 660 (217 SE2d 260) (1975). In this case the determination as to whether the shooting incident was murder, voluntary manslaughter or justifiable homicide was properly one for the jury. There is ample evidence to support the verdict.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted May 2, 1979 — Decided July 13, 1979 — Rehearing denied July 27, 1979 —

*Archer, Elsey & Vaughan, David N. Vaughan, Jr., Stanley D. Tilley, Cook & Palmour, Bobby Lee Cook,* for appellant.

*Charles Crawford, District Attorney,* for appellee.

