## 57964. SPRADLIN v. THE STATE.

(February 28, 1980)

The Supreme Court has remanded this case for reconsideration in light of *Ward v. State,* 151 Ga. App. 36 (258 SE2d 699) (1979).

*Ward,* supra, p. 37, held that the defendant "admitted that she shot the victim. This, of course, raises a presumption that she intended to kill him. [Cits.] A charge on involuntary manslaughter is not warranted *where the evidence establishes without conflict that the killing was intentional* rather than unintentional. [Cits.] *The facts* in the instant case *provide no evidentiary basis for a charge on involuntary manslaughter.*" (Emphasis supplied.)

In the instant case the defendant told the police the night of the incident and the court during the trial: "I didn't want to hurt him." He also testified: "I done it in self-defense." "I thought my life was in danger so I stabbed him one time and I tried to tell him to get off me and he wouldn't get off. He just kept choking so I started stabbing him again." Thus, in *Ward* "the evidence establishe[d] without conflict that the killing was intentional," whereas in the instant case there was evidence from which the jury could have found that the killing was not intentional.

In *Jackson v. State,* 234 Ga. 549, 551 (216 SE2d 834), the defendant was charged with murder and enumerated as error the failure of the court to charge on involuntary manslaughter. He testified that the victim "squeezed the breath out of me and I went in my pocket and I stuck him

one time . . . I wasn't intentioned of hurting him or nothing. I only tried, you know to keep him from hurting me." The defendant argued on appeal that the court should have charged on subsection (b) of Code Ann. § 26-1103 (b) (CCG § 26-1103 (b); Ga. L. 1968, pp. 1249, 1276), involuntary manslaughter in the commission of a lawful act in an unlawful manner. He contended "the 'lawful act' was self-defense and that the 'unlawful manner' was the use of unnecessary (excessive) force." The Supreme Court held that: "We feel certain that if the defendant had requested a charge pursuant to Code Ann. § 26-1103 (b), the trial judge would have given it." In the instant case the defendant requested the charge and the court refused to give it.

It is apparent that the facts of the instant case are very similar to *Jackson v. State,* 234 Ga. 549, in which the Supreme Court was of the opinion that the trial court would give the charge on involuntary manslaughter if the evidence showed intent of the defendant not to kill his victim.

Accordingly, where the testimony of the defendant with regard to his intent, or where the surrounding circumstances were sufficient to authorize a jury to find a lack of intent to kill, the court should charge on the lesser offense of involuntary manslaughter — the other requisites of Code Ann. § 26-1103 (a) or (b) being present. We affirm our original opinion. See *Jackson v. State,* 234 Ga. 549, supra; *Jackson v. State,* 143 Ga. App. 734, supra; *Allen v. State,* 147 Ga. App. 701 (2), supra.