## 57815. WARD v. THE STATE.

Sognier, Judge.

The Supreme Court has remanded this case (S. C. No. 35527, decided Oct. 31, 1979) for reconsideration in light of *Spradlin v. State,* 151 Ga. App. 585 (260 SE2d 517) (1979).

In *Spradlin,* Addendum on Remand, February 28, 1980 the defendant told the police on the night of the incident that he "didn't want to hurt him [the victim]"; he reiterated that statement in court. In the instant case, Ward admitted that she intentionally shot the victim. We went on to hold: "[T]his, of course, raises a presumption that she intended to kill him [the victim]. [Cits.] A charge on involuntary manslaughter is not warranted where the evidence establishes without conflict that the killing was intentional rather than unintentional. [Cits.] The facts in the instant case provide no evidentiary basis for a charge on involuntary manslaughter." 151 Ga. App. 36, 37 (258 SE2d 699) (1979). Thus, the facts in the instant case differ from the facts in *Spradlin,* supra, as Spradlin did *not* intend to hurt the victim.

In *Jackson v. State,* 234 Ga. 549 (216 SE2d 834) (1975) the defendant was charged with murder. On appeal he contended the court erred by failing to instruct on involuntary manslaughter. The Supreme Court held that a charge on involuntary manslaughter is not warranted where the evidence establishes without conflict that the killing was intentional rather than unintentional. Id., at 551. See also Code Ann. § 26-1103.

Accordingly, where the testimony of the defendant established that the killing was intentional rather than unintentional, a charge on involuntary manslaughter is not warranted.

*We affirm our original opinion. McMurray, P. J., and Banke, J., concur.*

Submitted May 2, 1979 — Decided March 10, 1980.

*David N. Vaughan, Jr., Stanley D. Tilley, Bobby Lee Cook,* for appellant.

*Charles Crawford, District Attorney,* for appellee.