## 39220. RICHARDSON v. THE STATE.

SMITH, Justice.

Norroy Richardson was convicted of the murder of Willie James Turpin and sentenced to life imprisonment. He appeals, enumerating as error two portions of the trial court's jury charge. We affirm.

In the early morning hours of December 24, 1981, someone broke into appellant's Columbus, Georgia apartment and stole several items, including a television set and some clothes. Appellant was not home at the time. Upon returning at around 4:00 a.m., appellant talked with a neighbor who informed him that Willie Turpin was

responsible for the burglary. Appellant testified that at 6:00 a.m. he went to a gun shop and purchased a rifle, ammunition, and a scope, then drove around town "looking for Willie Turpin . . . to get my stuff back from him." Appellant found Turpin seated in a car parked in front of the Tap Room, a local bar. According to Richard Holt, who was seated in the car with Turpin, appellant pulled his car parallel to Holt's, stopped, and got out carrying a rifle. He accused Turpin of burglarizing his apartment and demanded that he return the stolen items. Turpin, who was unarmed, denied knowledge of any burglary and he and Holt "bent down" in the front seat of the car. As appellant approached Holt's car, Turpin emerged from the passenger side and struggled with appellant over the rifle. A single rifle blast followed. The bullet entered Turpin's back, passed through his heart, and exited through his chest, killing him instantly. Appellant remained at the scene and was arrested by police some ten minutes later. At the station, appellant gave Detective R. P. Jackson a statement detailing his version of the shooting.

At trial appellant admitted shooting Turpin, but claimed that Turpin's death was an accident caused when the victim suddenly grabbed the barrel of his gun. According to expert testimony, however, the rifle barrel was flush with Turpin's back when the shot was fired. Thus it was impossible, in the expert's opinion, for the victim to have held the gun or struggled with appellant immediately prior to his death. At trial appellant could not explain how the victim was shot in the back during the struggle. He also expressed surprise that the weapon discharged during the struggle, claiming he had not cocked the firing mechanism prior to approaching Holt's car.

1. Based on the record before us, we hold that a rational trier of fact was authorized to find appellant guilty beyond a reasonable doubt of the murder of Willie James Turpin. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error, appellant contends that the trial judge should have charged the jury to "scan with care" his statement made to Detective Jackson at the police station following the shooting. See OCGA § 24-3-53 (Code Ann. § 38-420). Appellant, however, did not request the court to so charge. We find no error. *Joyner v. State,* 212 Ga. 269, 271 (91 SE2d 607) (1956).

3. Appellant further contends that the trial court erred in failing to give a requested charge on involuntary manslaughter. We disagree.

OCGA § 16-5-3 (Code Ann. § 26-1103) sets forth two types of involuntary manslaughter, each of which concerns the unintentional killing of a human being. Section 16-5-3 (a) (Code Ann. § 26-1103), relied upon by appellant, provides: "A person commits the offense of

involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony . . ." Appellant contends that an involuntary manslaughter charge was warranted in his case because the jury could have found that he unintentionally caused Turpin's death while committing the misdemeanor of pointing a gun at another, OCGA § 16-11-102 (Code Ann. § 26-2908).

Involuntary manslaughter should be charged, upon request, where there is "slight evidence" to support the charge. This is a question of fact in each case. *Arnett v. State,* 245 Ga. 470, 473 (265 SE2d 771) (1980). We have examined the record and find no such evidence here. While it is true that appellant pointed his rifle at Turpin prior to shooting him in the back at close range, a gun is a deadly weapon, and assault with a deadly weapon constitutes aggravated assault, a felony. OCGA § 16-5-21 (Code Ann. § 26-1302). Appellant's unlawful act was a felony, and under these facts the requested charge on felony grade involuntary manslaughter was properly denied. See *Williams v. State,* 249 Ga. 6, 8 (287 SE2d 31) (1982). The jury was adequately instructed on accident. It was not error for the trial court to refuse to charge involuntary manslaughter.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1983.

*James A. Elkins, Jr.,* for appellant.

*William J. Smith, Jr., District Attorney, C. Paul Rose, Assistant District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.