## 65549. HARBIN v. THE STATE.

McMURRAY, Presiding Judge.
Defendant and another were indicted in two counts for the offense of armed robbery by the use of an offensive weapon, a shotgun, in the taking of private property of two named persons with the intent to commit theft. Upon a separate jury trial this defendant was convicted on both counts and sentenced to serve a term of life in confinement. His motion for new trial was filed, heard and denied, and he appeals. *Held:*

1. During the trial, and after the voir dire examination of the jurors, one of the jurors advised the court that although she did not recognize the defendant "this morning" (apparently at the time she

answered the voir dire questions) she now believes that she knew or was acquainted with the defendant, she being an employee in a law office and that this defendant and his father, whom she now recognized in the courtroom, had come into the law office after he had just been released from jail. The court, however, advised her that the defendant had not been out of jail since his arrest and returned her to the jury room even though she now believed she had seen him on this occasion. Defense counsel was reluctant to move for a mistrial and stated that he would rather wait or to ask the court to reserve a motion for mistrial until he could reach a decision. Whereupon the court advised him that it would not do this, and defense counsel moved for mistrial which was forthwith overruled. No other evidence was produced other than that shown above, and there was no showing that the prospective juror had withheld information during the voir dire even though the juror during the trial became thoroughly convinced that she had seen the defendant come into the law firm where she worked seeking the aid of an attorney in regard to a burglary charge. Nevertheless, there was no evidence of misconduct on the part of the juror, and no abuse of discretion has been shown with reference to the denial of the motion by the trial court. The grant of a mistrial here was not essential to the preservation of the right to a fair trial. See in this connection *Ladson v. State,* 248 Ga. 470, 478 (12) (285 SE2d 508); *Bowman v. Bowman,* 230 Ga. 395 (1), 396 (197 SE2d 372). In the recent case of *Jones v. State,* 247 Ga. 268, 269-270 (2) (275 SE2d 67), it was held that there was no abuse of discretion by the trial court in a ruling on alleged juror misconduct during voir dire. The Supreme Court quoted from the case of United States v. Mulligan, 573 F2d 775, 777-778, that "every incorrect answer given on voir dire [does not require] a new trial ... If the answer was given in good faith with no deliberate intent to mislead, the trial court may well find that no prejudice resulted, even though the lack of disclosure might have impaired defendant's right to exercise a knowledgeable peremptory challenge." First, we find that the juror has not been guilty of any misconduct. As soon as the juror, during the trial, became convinced that she had observed the defendant on another occasion she immediately called this to the attention of the court. An attempt was then made to determine if she had actually observed the defendant in the law office where she worked or whether she had made a misidentification of someone else as the defendant. Second, based upon *Jones v. State,* 247 Ga. 268, 270 (2), supra, the trial court did not abuse its discretion in denying the defendant's motion for mistrial based upon the alleged misconduct of the juror in this instance. See also *Geiger v. State,* 129 Ga. App. 488, 492-495 (2) (199 SE2d 861).

2. The co-defendant (accomplice) pleaded guilty to the offense

of robbery and testified against the defendant. Prior to his becoming a witness, and during the course of trial and in front of the jury, the district attorney made a statement in his place as an officer of the court that an agreement had been entered into between the state and the co-defendant in exchange for his testimony. He stated an agreement was made that the co-defendant would plead guilty to the offense of robbery, which he did in fact do, and that if he would testify truthfully the state would recommend that he be sentenced to a sentence of ten years, seven to serve in confinement and three years on probation. Further, the state would also recommend that the co-defendant be sentenced to serve same in a certain correctional institution or similar location. Whereupon, counsel for defense stated that he considered this to be an evidentiary statement by the district attorney and he was entitled to cross-examination which was denied by the court advising only that he would have the right to cross-examine the witness.

In the second enumeration of error we consider here, the defendant contends the trial court violated his Sixth Amendment right of cross-examination and erred in not allowing the defendant to cross-examine the district attorney as to the statement made in his place concerning the deal made by the state and the co-defendant and that the prosecution is under a duty to disclose any plea agreement in exchange for a co-defendant's testimony. See *Williams v. State,* 151 Ga. App. 683 (4) (261 SE2d 430); *Allen v. State,* 128 Ga. App. 361 (196 SE2d 660). Thereafter, a thorough and sifting cross-examination of the witness co-defendant was allowed. The statement by the district attorney in his place was not in anywise evidentiary as to the testimony of the witness. True, an officer of the court may make a statement *in his place* which is taken to be prima facie true unless verification of such statement is required by the opposing party at the time the statement is made. See *Caldwell v. McWilliams,* 65 Ga. 99 [100] (3); *Whitehead v. State,* 96 Ga. App. 382, 384 (100 SE2d 139); *Allen v. State,* 137 Ga. App. 755, 757 (6) (224 SE2d 834); *Morris v. State,* 228 Ga. 39, 49 (11) (184 SE2d 82); *Cross v. Cook,* 147 Ga. App. 695, 696 (3) (250 SE2d 28). Defendant contends here by brief that one of the parties to the deal or agreement might well have impeached the other. Nevertheless, the statement with reference to an agreement has no bearing on the case in chief whatsoever except as to the credibility of the witness accomplice. No harmful error has been shown by the decision of the trial court in refusing to allow the cross-examination of the district attorney for no actual need for same has been shown.

3. During the evidence phase of the trial it developed that certain notes or letters were passed between the defendants while

they were incarcerated. In the closing argument defense counsel made reference to the fact that forensic science could be used to match the handwriting but that it did not happen in this case. Whereupon, state counsel objected that defense counsel knew that under *State v. Armstead,* 152 Ga. App. 56, 57 (2) (262 SE2d 233), the state could not compel the defendant to give a handwriting sample for comparison purposes. Whereupon, the trial court advised counsel that as the state had the closing argument it could likewise go into that matter. Objection is here made that the district attorney in the closing argument argued new facts not introduced in evidence with reference to sending the handwriting samples to the crime laboratory for study. The trial court then instructed the district attorney that he had carried the matter as far as he was allowed. There was no formal sustaining of the objection to his argument, and there was no request for further instruction to the jury to disregard the argument with reference to handwriting analysis involved. Counsel for defendant did state that he would reserve the matter for a motion after the conclusion of the argument but the transcript does not disclose that any further objection was made. Under the circumstances under OCGA § 9-10-185 (Code Ann. § 81-1009) it is the duty of the court to interpose and prevent counsel in the hearing of the jury from making statements of prejudicial matters, and on objection made the court shall also rebuke counsel and by all needful and proper instruction to the jury endeavor to remove the improper impression. Here the court did state to counsel for the state "I think you may have carried this as far as you are supposed to." Counsel for defendant then made no further objection with reference to the obvious rebuke and made no motion for mistrial. We find no reversible error.

4. The next enumeration of error contends that the trial court erred in denying a motion to suppress identification testimony which was based upon a prior impermissibly suggestive photographic line-up. At trial defense counsel referred to a written motion to suppress the testimony with reference to the witness' in-court identification based upon prior tainted identification by the use of photographs. In the absence of the jury a hearing was conducted with reference to the witness' testimony as to her in-court and pretrial identification of the defendant with reference to a line-up and a later examination by the witness as to photographs presented to her by law enforcement officials. After a thorough examination of the procedure used with reference to the identification of the defendant as to whether or not it was suggestive identification the court refused to rule out the witness' in-court eyewitness identification based on alleged prior unconstitutional out-of-court identification, and the motion was overruled. The witness was then allowed to make an

in-court identification of the defendant. As was the case in *Heyward v. State,* 236 Ga. 526, 527-529 (1) (224 SE2d 383), in considering the totality of the circumstances surrounding the identification procedures, we do not find that the defendant in the case sub judice was denied a fair trial. It was not error to overrule the motion to strike the identification testimony or to suppress the eyewitness' testimony with reference to the armed confrontation by the robbers whether or not the pretrial procedure was impermissibly suggestive, which we do not here hold. See also *Bradley v. State,* 148 Ga. App. 722, 723-724 (2) (252 SE2d 648); *Smith v. State,* 160 Ga. App. 60, 61 (1) (286 SE2d 45).

5. The remaining enumeration of error complains that the conviction of the defendant was based upon the uncorroborated testimony of the co-defendant in violation of OCGA § 24-4-8 (Code Ann. § 38-121). Here the accomplice was not the sole witness. Further, the accomplice's testimony was fully corroborated by the facts and circumstances surrounding the incident as to the armed robbery. See *West v. State,* 232 Ga. 861, 864 (2) (209 SE2d 195); *Gunter v. State,* 243 Ga. 651, 654-656 (2) (256 SE2d 341); *Stanford v. State,* 157 Ga. App. 633, 634 (278 SE2d 175). There was testimony of at least three eyewitnesses, as well as the physical evidence as to the robbery, all of which corroborates the testimony of the accomplice.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 17, 1983 —
REHEARING DENIED MARCH 4, 1983 —

*Edward D. Tolley,* for appellant.
*Nat Hancock, District Attorney, Tim Madison,* for appellee.