## A89A0375. WEDDINGTON v. THE STATE.
### (382 SE2d 661)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of three counts of armed robbery and two counts of criminal attempt to commit robbery. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Appellant enumerates as error the trial court's denial of a motion for a mistrial based upon the presence in the jury room of an alternate juror during deliberations.

As soon as it was brought to the attention of the trial court that, through an oversight, the alternate juror had been present during the first twenty-five minutes of deliberations, the jury was called back to the courtroom. The trial court inquired whether the presence of the alternate juror had influenced the deliberations and, according to the record, "all jurors responded in the negative." The jurors were then admonished not to consider anything that the alternate juror might have said or done. Under the circumstances, it was not error to deny appellant's motion for a mistrial. See generally *Johnson v. State*, 235 Ga. 486, 493 (6) (220 SE2d 448) (1975); *Duncan v. State*, 155 Ga. App. 624, 626 (4) (271 SE2d 878) (1980).

2. One of appellant's enumerations relates to an alleged deficiency in his arraignment. However, an irregularity, if any, in appellant's arraignment was waived both by the failure to object in a timely fashion in the trial court and by the filing of a motion to quash one count of the indictment. See *Shorter v. State*, 155 Ga. App. 609 (1) (271 SE2d 741) (1980); *Davis v. State*, 135 Ga. App. 203, 205 (2) (217 SE2d 343) (1975).

3. Appellant enumerates as error the trial court's failure to instruct the jury on the defense of abandonment of a criminal enterprise.

No written request for such a jury instruction was ever submitted to the trial court and, even had there been such a request, the evidence did not authorize the giving of such a charge. All of the elements of the crime of attempted robbery having been shown, there was no error in the trial court's failure to charge on abandonment.

See *Merritt v. State*, 183 Ga. App. 135, 137 (2) (358 SE2d 293) (1987).

4. Appellant enumerates as error the overruling of a special demurrer to that count of the indictment which had charged him with armed robbery by alleging that he "did unlawfully on or about August 31, 1987, with the intent to commit a theft, take U. S. currency from Yolanda Brown at the Circle K store at 3017 Bull Street by use of an offensive weapon, a gun. . . ." According to appellant's special demurrer, the cashier's correct name was "Yolanda Holmes," not "Yolanda Brown."

It would appear that appellant's right to file the special demurrer was waived because it was not presented to the trial court at or before arraignment. See *Carter v. State*, 155 Ga. App. 49 (1) (270 SE2d 233) (1980). Moreover, even if the special demurrer was not untimely, the asserted discrepancy in the name of the victim constitutes nothing "more than [a] minor and technical [deficiency as] to which [appellant] has failed to show that he was unable to adequately prepare his defense or that he was otherwise prejudiced thereby. [Cits.]" *Miller v. State*, 182 Ga. App. 700, 701-02 (356 SE2d 900) (1987). The allegations were otherwise sufficient to apprise appellant of the charges against him so as to "prepare his defense intelligently and to protect [himself] from double jeopardy. [Cits.]" *State v. Eubanks*, 239 Ga. 483, 484-85 (238 SE2d 38) (1977). It was not error to overrule the special demurrer.

5. Appellant enumerates as error the denial of his motion to sever the offenses for separate trials.

"The right of severance where the offenses are joined solely on the ground that they are of the same or similar character is 'because of the great risk of prejudice from a joint disposition of unrelated charges.' [Cit.]" *Dingler v. State*, 233 Ga. 462, 464 (211 SE2d 752) (1975). However, where, as here, the similarity of the crimes reaches the level of a pattern, severance of the crimes for trial is not required. *Cooper v. State*, 253 Ga. 736, 737 (2) (325 SE2d 137) (1985). " '[I]n this particular kind of circumstance [, severance] lies within the sound discretion of the trial judge. . . .' [Cit.]" *Wilson v. State*, 188 Ga. App. 779, 780 (1) (374 SE2d 325) (1988). "Denial of the motion to sever was not an abuse of the wide discretion [of] the trial court. . . . [Cit.]" *Reeves v. State*, 258 Ga. 619, 620 (2) (373 SE2d 16) (1988).

6. The admission into evidence of a gun found in appellant's room is enumerated as error.

" 'The admission of evidence is a matter which rests largely within the sound discretion of the trial judge.' [Cit.] . . . 'The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value,' [cits.] and evidence is relevant if it renders the desired inference more probable than it would be without the evidence. [Cit.]" *Baker v. State*, 246 Ga. 317, 319 (271 SE2d 360) (1980).

With regard to the three armed robbery counts, appellant's possession of a pistol was relevant to establish that he had access to a gun. The evidence was not erroneously admitted.

7. Appellant enumerates as error the admission into evidence of his two custodial statements. He urges that his rights to remain silent and to have an attorney present were not knowingly and voluntarily waived because he was under the influence of cocaine.

The trial court conducted a *Jackson-Denno* hearing. "The trial court's findings as to factual determinations and credibility relating to the admissibility of statements will be upheld on appeal unless they are clearly erroneous. [Cit.]" *Henson v. State*, 258 Ga. 600, 601 (1) (372 SE2d 806) (1988). Based on the testimony of the detective who interviewed the appellant, the trial court was authorized to conclude that appellant's waiver of his constitutional rights was voluntarily and knowingly made, and was not the product of a will overborne by the influence of narcotics.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 9, 1989 —
REHEARING DENIED JUNE 1, 1989 —

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney*, for appellee.