A89A0113. MOTES v. THE STATE.
(384 SE2d 463)

CARLEY, Chief Judge.

Appellant was tried before a jury on an indictment which charged her with the felony murder of her husband, the underlying felony being aggravated assault. She was found guilty of felony-grade involuntary manslaughter. See OCGA § 16-5-3 (a). Appellant appeals from the judgment of conviction and sentence entered by the trial court on the guilty verdict.

1. Appellant enumerates as error the trial court's giving of a charge on felony-grade involuntary manslaughter. The contention is that an indictment for felony murder will not support a conviction for felony-grade involuntary manslaughter.

OCGA § 16-1-6 defines "included crimes" and provides that "[a]n accused may be convicted of a crime included in a crime charged in the indictment or accusation." Pursuant to this statutory definition, the underlying felony is necessarily an "included crime" in the offense of felony murder. See generally *Washington v. State,* 190 Ga. App. 143 (378 SE2d 381) (1989). Accordingly, an accused may be convicted of the underlying felony charged in a felony-murder indictment. Also under the statutory definition, the underlying felony can itself include lesser offenses. Therefore, an accused may be convicted of an offense included in the underlying felony charged in a felony-murder indictment. Thus, if the evidence would authorize a finding that the accused committed an offense "included" in the underlying felony charged in a felony murder indictment and if that included offense is a misdemeanor, then a guilty verdict as to felony-grade involuntary manslaughter would be authorized. "[W]here the testimony of the defendant with regard to his intent, or where the surrounding circum-

stances were sufficient to authorize a jury to find a lack of intent to kill, the court should charge on the lesser offense of involuntary manslaughter — the other requisites of [OCGA § 16-5-3] (a) . . . being present." *Spradlin v. State*, 151 Ga. App. 909, 910 (266 SE2d 310) (1980). It follows that this enumeration of error is without merit.

2. The general grounds are enumerated as error.

The evidence, construed most strongly in favor of the guilty verdict, is as follows: Appellant admitted that she aimed a gun at her husband, but denied that she had intended to pull the trigger or that she had intentionally shot him. The evidence did not demand a finding that, prior to the fatal shot, appellant's husband was aware that appellant was pointing a gun at him such that the felony of aggravated assault had been committed, but would authorize a finding that appellant had committed only a lesser included misdemeanor offense, such as pointing a gun at him. See generally *Kerbo v. State*, 230 Ga. 241 (196 SE2d 424) (1973), overruled on other grounds, *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976). "[I]f the victim is not placed in reasonable apprehension of immediate violent injury by the pointing of the firearm, only the misdemeanor of pointing a firearm (and not the felony of aggravated assault) has been committed. (This would be the case where the victim was completely unaware that a firearm was pointed at him. On the other hand, if the pointing of a firearm placed the victim in reasonable apprehension of immediate violent injury, the felony of aggravated assault has occurred.)" *Rhodes v. State*, 257 Ga. 368, 370 (5) (359 SE2d 670) (1987). Accordingly, insofar as the evidence would authorize a finding that appellant had unintentionally killed her husband in the commission of a misdemeanor offense included in the crime of aggravated assault, a finding of guilt as to felony-grade involuntary manslaughter was authorized. See generally *Kerbo v. State*, supra; *Brown v. State*, 150 Ga. App. 831 (1) (258 SE2d 641) (1979). Compare *Rhodes v. State*, supra at 370 (6); *Richardson v. State*, 250 Ga. 506, 507 (3) (299 SE2d 715) (1983); *Raines v. State*, 247 Ga. 504, 506 (2) (277 SE2d 47) (1981); *Riley v. State*, 181 Ga. App. 667 (353 SE2d 598) (1987). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. During voir dire, the prospective jurors were asked whether any of them had served on the grand jury that returned the indictment against appellant. None responded in the affirmative. After the case had been submitted to the jury, however, one of the jurors discovered that her name was listed on the indictment as a grand juror and that, although she did not remember it, she had in fact served in that capacity. The juror immediately sent a note to the trial court,

apprising it of her discovery. The trial court halted the jury's deliberations and, after questioning the juror, excused her. When the trial court then indicated that it was prepared to proceed with an alternate replacing the excused juror, appellant moved for a mistrial. The trial court denied the motion and appellant enumerates this ruling as error.

Appellant urges that the grant of her motion for mistrial was demanded because of the juror's failure to respond affirmatively to the voir dire inquiry concerning her service on the grand jury. However, not " 'every incorrect answer given on voir dire calls inexorably for a new trial; the question of bias and resultant prejudice remains to be determined. [Cit.] [Cits.] If the answer was given in good faith with no deliberate intent to mislead, the trial court may well find that no prejudice resulted. . . .' [Cit.]" *Jones v. State*, 247 Ga. 268, 270 (2b) (275 SE2d 67) (1981). Here, as in *Harbin v. State*, 165 Ga. App. 631, 632 (302 SE2d 386) (1983), the trial court was clearly authorized to find that the juror had not engaged in a deliberate effort to mislead. "As soon as the juror, during the trial, became convinced that she [was probably disqualified] she immediately called this to the attention of the court." *Harbin v. State*, supra at 632 (1). Insofar as prejudice to appellant is concerned, the record shows that, before allowing the case to proceed, the trial court determined that the juror had not expressed to the other jurors any opinion which was not based solely upon the evidence adduced at trial. After denying the motion for mistrial, the trial court also instructed the remaining original jurors and the alternate not to renew the deliberations but to start anew, giving no consideration to anything that the excused juror might have said. After the verdict was returned, the trial court polled each individual juror as to whether the presence of the excused juror had affected his or her vote in any manner. Each juror responded in the negative. "In view of the totality of the facts and circumstances in the case sub judice we hold that the trial court correctly handled this unusual situation and did not err in declining to grant [appellant's] motion for mistrial as any presumption of injury to [appellant] was overcome and the [grand] juror's presence in the jury room was harmless." *Duncan v. State*, 155 Ga. App. 624, 627 (4) (271 SE2d 878) (1980).

4. Appellant submitted several written requests to charge relating to the "battered woman's syndrome." The trial court's refusal to give these charges is enumerated as error.

The "battered woman's syndrome" is *not* a separate defense. It is merely evidentiary support for the defense of justification. "[E]xpert opinion as to the battered woman syndrome is admissible to assist the jury in evaluating the battered woman's defense of self-defense." *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981). See also

*Chapman v. State*, 258 Ga. 214, 215 (2) (367 SE2d 541) (1988). Appellant was allowed to introduce expert opinion testimony as to the battered woman's syndrome. There is no contention that appellant's counsel was not permitted to argue that the battered woman's syndrome supported appellant's claim of self-defense. The trial court gave full and fair general instructions on the legal principles applicable to expert testimony and self-defense. It was not error to refuse to give any additional instructions which, in essence, argumentatively emphasized such evidence as may have supported appellant's theory that she had acted in self-defense. Appellant "was not entitled to have the court adopt [her] language, framed in argumentative form, and emphasizing selected facts in [her] interest, where the charge to the jury as a whole covered plainly and in substance the principles of law stated in the requests to charge; and the failure to give the charge in the language requested was not reversible error." *Summer v. State*, 55 Ga. App. 185 (2) (189 SE 687) (1937). " 'The office of a charge by the court is to give to the jury such instruction touching the rules of law pertinent to the issue involved in the pending trial, as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents law and fact make a verdict. In delivering his charge the trial judge should carefully avoid an invasion of the province of the jury. He should refer to the evidence only so far as is necessary to present the leading issues in the cause, leaving the minor contentions of opposing counsel to the consideration of the jury under appropriate general instructions. It should contain no such summary of the evidence as might to a jury either seem to be an argument or amount to the expression or intimation of an opinion thereon. It is therefore [not] error . . . for the presiding judge to [refuse to] repeat the substance of the testimony of [appellant's] witnesses as detailed from the stand, and submit this with the argumentative deductions drawn therefrom by [appellant's] counsel, as the issues in the case.' [Cit.]" *Rouse v. State*, 2 Ga. App. 184 (58 SE 416) (1907).

5. The trial court did not err in allowing into evidence pre-incision autopsy photographs of the victim. See generally *Brooks v. State*, 258 Ga. 20, 22 (3) (365 SE2d 97) (1988). Compare *Brown v. State*, 250 Ga. 862, 866 (5) (302 SE2d 347) (1983). The fact that the examining physician may have testified as to the location and nature of the victim's wounds would not render the photographs inadmissible. See *Lamb v. State*, 241 Ga. 10, 12 (2) (243 SE2d 59) (1978).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in all divisions except Division 2, in which I concur in the holding. The misdemeanor offense which was involved as a

lesser-included offense in this case was reckless conduct, OCGA § 16-5-60 (b), and not pointing a pistol at another, OCGA § 16-11-102. The court charged the jury that it could consider the reckless conduct, reciting the elements. It did not charge the jury concerning pointing a pistol. The evidence does support a finding of reckless conduct beyond a reasonable doubt.

DECIDED JULY 13, 1989.

*Cowart & Varner, Edwin S. Varner, Jr., Keith H. Salmon,* for appellant.

*Edward D. Lukemire, District Attorney, George R. Christian, Assistant District Attorney,* for appellee.