## A00A1496. JOWERS v. THE STATE.
(538 SE2d 853)

SMITH, Presiding Judge.

Richard Jowers, Jr. was indicted by a Coffee County grand jury on four counts of child molestation and four counts of enticing a child for indecent purposes. At trial, a directed verdict was granted on all four counts of enticement. The jury found Jowers guilty on the third and fourth counts of child molestation but was unable to reach a verdict on the first two counts. The trial court declared a mistrial on the first two counts and entered judgment of conviction on Counts 3 and 4. Jowers's motion for new trial was denied, and he appeals, asserting six enumerations of error. Finding no error, we affirm.

1. Jowers asserts the general grounds. He contends that the State failed to meet its burden of proof with respect to his "intent to arouse or satisfy the sexual desires of either the child or the person" under OCGA § 16-6-4. But it is well recognized that "[w]hether the requisite intent for child molestation existed was a question of fact, to be determined by the jury after considering all the circumstances surrounding the acts of which the accused is charged, including words, conduct, demeanor, and motive." (Citation and punctuation omitted.) *McGarity v. State*, 224 Ga. App. 302, 304 (2) (480 SE2d 319) (1997).

Two of the victims testified that, in addition to touching them, Jowers displayed pornographic materials to them, and Jowers admitted to a Department of Family & Children Services investigator and a police officer that "he showed the girls a dirty magazine." He also

told the officer that he was conducting "a sex education class" for the girls. The evidence was sufficient to support an inference that Jowers "committed the acts at issue in order to satisfy his own sexual desires and was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that [Jowers] committed the offense of child molestation. [Cits.]" *Foster v. State*, 216 Ga. App. 26-27 (1) (453 SE2d 482) (1995).

2. Jowers also contends that the trial court erred in allowing testimony that he showed pornographic materials to three of the victims. Jowers cites no authority whatsoever for this contention, but appears to argue that the best evidence rule required submission to the jury of the actual materials. This contention was made and rejected in *King v. State*, 209 Ga. App. 529, 530 (2) (a) (433 SE2d 722) (1993).

We note, although Jowers does not, that the Supreme Court of Georgia's recent decision in *Simpson v. State*, 271 Ga. 772 (523 SE2d 320) (1999), has limited the introduction of "physical evidence of a sexual nature" for the sole purpose of showing a defendant's "lustful disposition"; it must be "linked to the crime charged." Id. at 774 (1). But here, even if physical evidence rather than testimony had been at issue, the victims testified that the pornographic materials were shown to them, thus "linking" them to Jowers's offense. Cf. *Frazier v. State*, 241 Ga. App. 125, 126 (524 SE2d 768) (1999).

3. Jowers next contends the trial court erred in denying his motion for mistrial after opening statements were completed. At that time, the assistant district attorney informed the court that he had recognized one of the jurors as a member of the grand jury that indicted Jowers approximately two years earlier. It is true that a former grand juror may not serve on a petit jury trying a defendant indicted by that grand jury. But even when the jury has begun deliberations, the presence of a former grand juror does not demand a mistrial. Instead, the trial court considers the good faith of those involved and whether bias or prejudice resulted. *Motes v. State*, 192 Ga. App. 302, 304 (3) (384 SE2d 463) (1989) (full concurrence in Division 3), overruled on other grounds, *Smith v. State*, 268 Ga. 196, 200, n. 5 (486 SE2d 819) (1997).

Here, the jury had not begun deliberations; indeed, it had not yet heard any testimony and had been instructed not to discuss the case. As soon as the error was called to its attention, the trial court excused the former grand juror. The court then individually questioned each remaining juror, and each juror denied having discussed the case with the former grand juror in any manner. Under the totality of the facts and circumstances here, "we hold that the trial court correctly handled this unusual situation and did not err in declining to grant appellant's motion for mistrial as any presumption of injury

to appellant was overcome and the grand juror's presence in the jury room was harmless." (Citation and punctuation omitted.) *Motes,* supra, 192 Ga. App. at 304.

4. Jowers makes a similar contention regarding a juror's realization that her daughter was a friend of one of the victims.[1] The indictment gave this victim an incorrect surname, and the jurors were asked if they knew the victim by that name. Once the victim took the stand, she gave her correct last name. When the juror saw her face, she realized that her daughter was a friend of the victim and so informed the trial court. The trial court excused this juror but declined to grant a mistrial.

Once again, the trial court had discretion to weigh the alleged juror misconduct for intent, bias, and potential prejudice to the defendant. *Harbin v. State,* 165 Ga. App. 631-632 (1) (302 SE2d 386) (1983). Here, there was no juror misconduct or irregularity, because the juror had not "forgotten to mention" that her daughter knew the victim, as Jowers contends. Instead, the juror was innocently misled as to the identity of the victim until the victim took the witness stand, and the juror called the error to the court's attention before she or the other jurors left the courtroom. The juror told the judge in open court that she had "a problem," the judge sent the other jurors to the jury room, and the juror was examined and excused. There was no opportunity for the juror to communicate her newfound realization to the other jurors. Indeed, the trial court was within its discretion to conclude that any questioning regarding the juror's excusal could well have created prejudice where none existed. Any questioning likely would have disclosed the nature of the "problem" that so far as the other jurors knew might have been personal or otherwise unrelated to the facts of the case. The trial court did not err in its handling of this situation.[2] Id.

5. Jowers complains that his confession was improperly admitted into evidence. His contention that a confession must be taped or written to be admitted into evidence, a contention he does not support by any citation to legal authority, is without merit. *Barrs v. State,* 202 Ga. App. 520, 521 (3) (414 SE2d 733) (1992). The trial court held a *Jackson-Denno* hearing and determined that the oral confession was preceded by appropriate *Miranda* warnings and was voluntary. See *Crawford v. State,* 236 Ga. 491, 492 (224 SE2d 365) (1976); *Gadson v. State,* 197 Ga. App. 315-316 (1) (398 SE2d 409) (1990). The trial court's finding that Jowers's confession was voluntary and admissible was not clearly erroneous, and the trial court did not err in admitting

---

[1] The juror was not, as Jowers contends, herself a friend of the victim.

[2] Moreover, the jury was unable to reach a verdict with respect to the allegations involving this victim.

Jowers's confession into evidence. Id.[3]

6. Finally, Jowers alleges prosecutorial misconduct in a question directed to one of the victims. But Jowers failed to object to this question at trial. "[P]rosecutorial [mis]conduct not objected to at trial will not warrant reversal on appeal." (Punctuation and footnote omitted.) *Tuten v. State*, 242 Ga. App. 223, 225 (4) (529 SE2d 221) (2000). Moreover, the fact alluded to by the prosecutor was already in evidence from three other sources, including Jowers's confession. The admission of cumulative evidence is harmless. *Flowers v. State*, 181 Ga. App. 572 (2) (353 SE2d 69) (1987).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 5, 2000.

*Martin H. Eaves*, for appellant.

*Richard E. Currie, District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.

---

[3] To the extent that Jowers contends his statement was an admission, not a confession, because he maintains he did not confess to his "intent," see Division 1, supra.