## 29052. THE STATE v. GOULD.

Nichols, Presiding Justice.

Arthur Gould was convicted of two counts of aggravated assault, one count of simple battery, and one count of criminal trespass. On appeal the Court of Appeals reversed such conviction and the state filed an application for writ of certiorari. Certiorari was granted in this case because of the apparent conflict in the decision of the Court of Appeals in this case and the decisions in *Estep v. State,* 129 Ga. App. 909 (201 SE2d 809) and *White v. State,* 230 Ga. 327 (196 SE2d 849), cert. den., 414 U. S. 886 (94 SC 222, 38 LE2d 134).

1. A motion to dismiss the application for certiorari was filed by the defendant upon the ground, among others, that since the crimes charged were allegedly committed prior to the enactment of Ga. L. 1973, p. 297 (Code Ann. § 6-1001a et seq.) to apply such Act and permit an appeal, by the state in this case, constitutes the same an ex post facto law in violation of the United States Constitution and the Constitution of Georgia. In dealing with a similar law of North Carolina, the United States Supreme Court held: "Applying the principles established by these cases to the facts of the present case, we think it may be concluded that the legislation . . . in question did not make that a criminal act which was

innocent when done; did not aggravate an offence or change the punishment and make it greater [than] when it was committed; did not alter the rules of evidence, and require less or different evidence than the law required at the time of the commission of the offence; and did not deprive the accused of any substantial right or immunity possessed by them at the time of the commission of the offence charged." Mallett v. North Carolina, 181 U. S. 589, 597 (21 SC 730, 45 LE 1015). The motion to dismiss is denied.

2. The jury lists, both the grand jury and the traverse jury, involved in this case were both prepared in 1971 when, without question, it was necessary for both the grand jurors and the traverse jurors to be at least 21 years of age. The Acts of the General Assembly (Ga. L. 1972, p. 193; Ga. L. 1973, p. 590; Code Ann. §§ 74-104, 74-104.1) lowering the age of majority from 21 to 18 had no effect upon the requirement that grand jurors be at least 21 years of age. Thus, the contention that persons 18, 19 and 20 years of age should have been included has no basis; and the charts included in the defendant's brief and quoted in the Court of Appeals opinion as to this age group show an illusion which is not supportable. Moreover, it is extremely doubtful that any age group has such a distinctness as a group that it can be a "significantly identifiable group" under the provisions of Code Ann. § 59-106 which requires the jury commissioners to supplement the lists with persons from such a group if it is not fairly represented otherwise.

Accordingly, so much of the Court of Appeals opinion as holds that the jury commissioners of Coweta County were remiss in the execution of their statutory duties in compiling a jury list composed of "a fairly representative cross-section of the intelligent and upright citizens of the county," because "young people between the ages of 18 and 30" were underrepresented was error.

3. The stipulation made by the District Attorney in this case as to the percentages of people in that county between 1960 and 1972 and the percentages on the jury lists distinguishes this case from *White v. State* and *Estep v. State,* supra, and the judgment otherwise upholding the attacks upon the lists of the grand and traverse juries

must be affirmed.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Gunter, J., who dissents from the ruling made in Division 2.*

ARGUED SEPTEMBER 9, 1974 — DECIDED SEPTEMBER 25, 1974.

*Eldridge W. Fleming, District Attorney, H. Andrew Owen, Jr., Assistant Attorney General,* for appellant.

*Steven E. Fanning, Millard C. Farmer, Amanda P. Porterfield,* for appellee.

*F. Larry Salmon, District Attorney,* amicus curiae.