## 31471. SANDERS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted of murder and sentenced to life imprisonment. She appeals and asserts the trial court committed 26 errors. We reverse.

1. Appellant asserts the trial court erred in denying her challenges to the Ware County grand jury and traverse jury lists for systematic exclusion of persons on the basis of sex, race and age. See Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599) (1966). Initially we conclude that the evidence does not show a systematic exclusion of persons because of age if indeed age can comprise a "significantly identifiable group." *State v. Gould,* 232 Ga. 844 (209 SE2d 312) (1974). Also we find no systematic exclusion of persons from the traverse jury list because of sex or race. The traverse jury list is composed of 53% women as compared to 55% women in the county and 20% blacks as compared to 22 1/2% blacks in the county. This differential is too slight to establish a prima facie case of purposeful discrimination. There is no other evidence of systematic exclusion of persons because of sex or race. The six jury commissioners, comprising two white men, two white women and two black men, testified at length that a sincere effort was made to obtain a traverse jury list that was a fairly representative cross section of the intelligent and upright citizens of the county as required by Georgia law. Code Ann. § 59-106.

The grand jury list is another matter. It is composed of 15% women whereas the county population is 55% women, and 8% blacks whereas the county population is 22 1/2% blacks. This is too marked a disparity and we must conclude as a matter of law that the grand jury list is not fairly representative of the community. *Gould v. State,* 131 Ga. App. 811 (207 SE2d 519) (1974), affirmed in part and reversed in part, 232 Ga. 844 (209 SE2d 312) (1974). The jury commissioners testified there were sufficient upright and intelligent women and blacks in the community to have composed a grand jury proportionately representative of these groups. Furthermore, we find no basis on which to conclude that the disproportionate composition of the grand jury is

harmless. The grand jury which indicted appellant was composed of 19 persons of which only 4 were women and 2 were black. See Alexander v. Louisiana, 405 U. S. 625 (92 SC 1221, 31 LE2d 536) (1971). See also Taylor v. Louisiana, 419 U. S. 522 (95 SC 692, 42 LE2d 690) (1975) which held women are an identifiable group. The trial court's denial of the challenge to the grand jury list is reversed.

2. Among other evidence, the record shows two witnesses heard a screen door on the front of a house slam open and a gun fire. They looked and saw the victim falling to the ground. Appellant was observed coming down the steps of the house.trying to recock a rifle. She told one of the witnesses, "I told Mitch Lee [the victim] if I ever caught him . . . over her, I'm going to kill him." Upon the arrest of appellant and a waiver of her Miranda rights she stated, "I don't know why I shot him. I just did." The evidence was sufficient to support the verdict.

3. The other enumerations of error have been reviewed and found to be without merit.

*Judgment reversed. All the Justices concur, except Ingram, J., who concurs in the judgment only and Jordan, J., who dissents from Division 1.*

SUBMITTED AUGUST 27, 1976 — DECIDED NOVEMBER 2, 1976.

*E. Kontz Bennett, Jr.,* for appellant.
*Dewey Hayes, District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.