67572. McCULLIGH v. THE STATE.

DEEN, Presiding Judge.

The appellant, George McCulligh, was tried and convicted for rape, aggravated battery, robbery, and burglary. The trial court sentenced him to life imprisonment on the rape conviction, 20 years imprisonment for the aggravated battery (to be served consecutively to the life term), 5 years imprisonment for the robbery (to be served concurrently with the sentence for the battery), and 5 years imprisonment for the burglary (to be served concurrently with the

life term).

During the early morning hours of August 21, 1982, Mrs. Ola Mae Russell, who was 76 years old, awoke to find someone choking her by hand. Mrs. Russell attempted to scream, but her assailant placed a pillow over her face and pressed one hand on her throat. She was able to free one hand, with which she grabbed his hair, and her assailant struck her face with his fist, rendering her briefly unconscious. (This blow also resulted in Mrs. Russell's loss of use of her left eye.) When she regained awareness, the assailant had her bound down and was sexually molesting her; Mrs. Russell was unable to recount to what extent any actual penetration occurred because of her loss of awareness resulting from the blow to her head.

Following this sexual attack, the assailant demanded that Mrs. Russell tell him where she kept her money. She informed him, and the assailant removed a five dollar bill and a ten dollar bill from Mrs. Russell's purse which was in the adjoining hall and then demanded to know where the rest of her money was. Mrs. Russell pleaded that that was all she had, and the assailant departed.

Law enforcement officers subsequently called to the scene discovered Mrs. Russell's purse and a glass pane taken from the carport door in some bushes adjacent to the house. A hole had been punched in the screen door, apparently to enable the intruder to reach the door lock.

The appellant resided with his mother and other family members in a house, located one street over from Mrs. Russell's home, which was owned by Mrs. Russell and rented to the appellant's mother. At the request of the law enforcement officers, the appellant and his family went to the sheriff's department for questioning. Shortly after 3:00 p.m., the appellant signed a statement, admitting to having forcefully entered Mrs. Russell's house, having struck her in the face, having had sex with her, and having taken $15 from her purse. A subsequent search of the appellant's bedroom uncovered in a dresser drawer a five dollar bill and a ten dollar bill and the brown flannel shirt that he wore during the incident.

On appeal, McCulligh contends that the trial court erred in not directing verdicts of acquittal on all counts charged; that the trial court erred in denying his motion for new trial on the general grounds; that the trial court erred in admitting into evidence the appellant's signed confession and an in-court demonstrative experiment; and that on voir dire counsel for the appellant should have been permitted to inquire into the jurors' knowledge of and attitude toward various principles of law. *Held:*

1. In contending that his confession was not given freely and voluntarily, the appellant emphasizes certain circumstances under

which the confession occurred: he was tired and sleepy, having been awake the better part of 24 hours; he was not very intelligent; he had been interrogated by several different police officials; and he had been informed that he had failed a polygraph examination. However, a full Jackson-Denno hearing was conducted prior to the trial, at which the interrogating officers testified that the appellant was alert and clearly understood what took place. Moreover, while the appellant had remained at the sheriff's department most of the day, he had not been in custody until shortly before giving the confession.

Based on the evidence adduced at the Jackson-Denno hearing and the totality of the circumstances of the interrogation, the trial court concluded that the statement was freely and voluntarily given after the appellant was advised of his constitutional rights. The trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless clearly erroneous. *Strickland v. State,* 250 Ga. 624 (300 SE2d 156) (1983); *Cox v. State,* 248 Ga. 713 (285 SE2d 687) (1982). In this case, the trial court's ruling of admissibility certainly is not clearly erroneous.

2. In contending that the trial court erred in allowing the chief of police to conduct an in-court experiment of sticking his arm through a screen door to demonstrate why and how the appellant's arm was scratched, the appellant points out conditions under which the experiment was conducted differing from the real event: the witness's arm size; the lighting; the angle at which the arm was placed through the screen. "The admission of testimony as to experiments rests largely in the discretion of the trial judge, and the exercise of this discretion will not be controlled unless manifestly abused. The weight of such testimony is for the jury, and varies according to the circumstances of similarity which they may find to exist between the experiments and the actual occurrence under investigation. *Hicks v. State,* 146 Ga. 221 (91 SE 57)." *West v. State,* 200 Ga. 566, 571 (37 SE2d 799) (1946). Accord, *Wynes v. State,* 182 Ga. 434 (185 SE 711) (1936). We find no manifest abuse in allowing the witness to place his arm through a screen door in order to demonstrate how the appellant unlocked the door and scratched his arm. Any dissimilarity between the conditions of this particular experiment and the actual occurrence goes to the weight and not the admissibility of that evidence.

3. The appellant's contention that a directed verdict of acquittal should have been granted on the rape count, because there was no evidence of the essential element of actual penetration, is without merit. Even slight penetration will sustain a conviction for rape, *Lee v. State,* 197 Ga. 123 (28 SE2d 465) (1943), and penetration

may be proved by indirect or circumstantial evidence. *Payne v. State,* 231 Ga. 755 (204 SE2d 128) (1974); *Holmes v. State,* 194 Ga. 849 (22 SE2d 808) (1942). In this case, the appellant confessed to having had sex with the victim, and there was medical evidence that immediately following the incident the victim's vagina was red and irritated, an unusual condition for a person of the victim's age and one that could be caused by intercourse. This evidence was sufficient to authorize a finding of penetration.

4. The appellant's motions for directed verdict of acquittal on the aggravated battery and the robbery counts were based upon the contention that convictions for those 2 crimes would constitute prohibited multiple convictions growing out of the same transaction, because the act that supported the charge of aggravated battery was used to prove the element of force essential to both the rape charge and robbery charge. There is no dispute that an aggravated battery occurred, the victim having lost the use of her left eye as a result of the appellant's blow to her head.

An accused may be prosecuted for more than one crime arising from the same conduct, but he may not be convicted of multiple offenses if one crime is included in the other or the crimes differ only in that one is defined to prohibit a designated type of conduct generally and the other to prohibit a specific instance of that type of conduct. OCGA § 16-1-7 (a) (Code Ann. § 26-506). *Stephens v. Hopper,* 241 Ga. 596 (247 SE2d 92) (1978). OCGA § 16-1-6 (Code Ann. § 26-505) provides that a crime is a lesser included crime if "(1) [i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) [i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."

In *Stephens v. Hopper,* supra, involving multiple convictions for kidnapping with bodily injury and murder where the killing was the bodily injury relative to the kidnapping charge, the Supreme Court found that the two crimes were not included crimes as a matter of both law and fact because each crime contained distinct elements. See also *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978). Applying that rationale to the instant case, certainly the crime of aggravated battery was not an included offense of the rape; one essential element of aggravated battery is depriving the victim of the use of a bodily member or seriously disfiguring the victim's body, and proof of such an injury was completely unnecessary to prove the rape in this case.

Moreover, it was uncontroverted that immediately before the aggravated battery, the appellant strangled the victim; indeed, the

aggravated battery was the appellant's reaction to the victim's resistance to this strangulation. The victim also testified that when she regained awareness following the blow to her head, the appellant had her bound down and was "molesting" her. This evidence of force, independent of the aggravated battery, satisfied the element of force necessary to sustain the rape conviction.

We reach the same conclusion with regard to the appellant's similar argument that the aggravated battery constituted the force necessary to prove the robbery. Not only was a conviction for robbery not prohibited under OCGA §§ 16-1-6 and 16-1-7 (a) (Code Ann. §§ 26-505 and 26-506) and the above cases, because of distinct elements and different kinds of conduct concerned, but the evidence demonstrated that the appellant actually effected the taking of the victim's money with intimidation, an implied but obvious threat of additional harm (and not necessarily battery), rather than the actual preceding aggravated battery (or rape). A person commits robbery when, with the intent to commit theft, he takes the property of another by force *or* intimidation. OCGA § 16-8-40 (Code Ann. § 26-1901). Certainly the preceding aggravated battery emphasized any subsequent threat or intimidation, but proof of that battery was unnecessary to prove the robbery.

5. In moving for directed verdict of acquittal on the burglary charge, the appellant contended that there was no evidence that the premises entered by the appellant were those of the victim, and no evidence that the appellant had lacked authority to enter those premises. In addition to the appellant's confession to having broken into the victim's house, the victim testified that she lived alone in the house, which she owned, and that she had given no one permission to enter her house on the night/early morning in question. This enumeration is thus without merit.

6. The appellant also contends that the trial court erred in restricting his line of questioning the jurors during voir dire. Specifically, the trial court disallowed any questions about the jurors' knowledge and acceptance of legal principles such as the presumption of innocence, reasonable doubt, and the voluntariness of confessions.

OCGA § 15-12-133 (Code Ann. § 59-705) provides that during voir dire "counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the case, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action or the

counsel or parties thereto, and the religious, social, and fraternal connections of the juror." Control of the voir dire examination is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. *Waters v. State,* 248 Ga. 355 (283 SE2d 238) (1981); *Lamb v. State,* 241 Ga. 10 (243 SE2d 59) (1978). There was no abuse of that discretion in the instant case, as general questions and technical legal questions are improper for voir dire. *Gatlin v. State,* 236 Ga. 707 (225 SE2d 224) (1976); *Mills v. State,* 137 Ga. App. 305 (223 SE2d 498) (1976).

7. After reviewing all of the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the appellant guilty beyond a reasonable doubt of the charged offenses of burglary, aggravated battery, rape, and robbery. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Devier v. State,* 250 Ga. 652 (300 SE2d 490) (1983).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 2, 1984.

*J. William Harvey,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, Jerry W. Caldwell, Assistant District Attorney,* for appellee.