### 41286. SMITH v. THE STATE.
(322 SE2d 58)

SMITH, Justice.

Appellant, John Hugh Smith, was tried and convicted before a

---

Quitman County jury for the murder of his girl friend. He was sentenced to life imprisonment. In appeal, he raises two enumerations of error. Finding these enumerations meritless, we affirm.[1]

On January 17, 1983 the victim, Mildred Raymond, entered Norris' Place in Georgetown, Georgia, to borrow a dollar from appellant. At that time the victim and appellant were having problems with their relationship because he thought that she was seeing another man. As the victim left Norris' Place, appellant asked her to stay there with him.

The victim declined the request and continued her walk with her cousin down Bourbon Street. Appellant began following the two women in his car. He asked the victim a number of times to get in his car. She refused.

Appellant finally parked his car and forced the victim into the car. At some point, he picked up a pistol and turned it toward the victim. Appellant testified that the victim bumped his hand as he attempted to keep her from opening the passenger door, causing the gun to fire. A bullet entered the victim's skull causing her death.

1. The evidence presented at trial could have authorized a rational trier of fact to find appellant guilty beyond a reasonable doubt of murder as charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant, in his first enumeration of error, charges that the trial court failed to sufficiently charge the jury on the law of accident and misfortune. The court did actually charge the jury on accident and misfortune. "The charge taken as a whole . . . was a correct and complete charge on all applicable principles of law." *Hendrix v. State*, 239 Ga. 507, 508 (238 SE2d 56) (1977). We find no error.

3. In his second enumeration of error, appellant asserts that the trial court erred in failing to charge the jury on the law of felony involuntary manslaughter, citing OCGA § 16-5-3 (a). Here, appellant pointed a pistol at the victim. That constitutes the felony of aggravated assault. OCGA § 16-5-21. Where the act causing the death is a felony, a requested charge on felony grade involuntary manslaughter is properly denied. *Richardson v. State*, 250 Ga. 506, 508 (299 SE2d 715) (1983). We find no error.

*Judgment affirmed. All the Justices concur.*

---

[1] The crime was committed on January 17, 1983. The Quitman County jury returned its verdict of guilty on June 24, 1983. Notice of appeal was filed on July 19, 1983 and the transcript of evidence filed on May 10, 1984. The record was docketed in this court on June 26, 1984 and submitted on August 10, 1984.

478

*Geer & Rentz, Peter Zack Geer,* for appellant.
*Charles M. Ferguson, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.