## 44831. WIGFALL v. THE STATE.

(361 SE2d 376)

HUNT, Justice.

Patricia Ann Wigfall was convicted of the felony murder of her husband, Paul Wigfall, and sentenced to life in prison.[1] She appeals challenging the composition of the grand jury that indicted her in Pickens County, the introduction of a tape recording made at the scene of the killing, and the refusal of the trial court to charge on involuntary manslaughter. We affirm.

On the evening of June 13, 1986, the defendant, her brother and his girl friend, while attempting to locate the defendant's husband, stopped at a hardware store where the defendant purchased a .38 calibre handgun. They later found her husband at a video store, after which the four of them returned home. The defendant's husband began watching a movie in the living room while the defendant and her brother drank in her bedroom. She handed her pocketbook with the gun in it to the girl friend and told her not to give it back to her. A little later, the defendant turned off the video recorder and dropped the tape, causing the victim to become angry. During the ensuing fight between the defendant and her husband, she recovered the gun and shot him.

Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. In her first enumeration, the defendant asserts as error the failure of the trial court to grant her challenge to the array of grand jurors. Testimony at the hearing established that only two percent of the residents of Pickens County are black and that the commissioners

---

[1] The incident occurred on June 13, 1986, and the defendant was indicted during the April term of the Pickens County Grand Jury, tried and convicted on September 25, 1986. A notice of appeal was filed in the trial court on October 17, 1986, and the court reporter certified the transcript on June 22, 1987. The case was docketed here on July 10, and submitted for decision on August 21, 1987.

worked diligently to ensure that the petit jury and the grand jury reflected that percentage. The Clerk of the Pickens County Superior Court testified that 15 of the 727 (2%) names placed in the grand jury box were black, but that none of those 15 names were randomly drawn by the Superior Court in open court when the several grand juries, including the one which indicted the defendant, were constituted after the box was established in 1984. The fact that no blacks were on the grand jury that indicted the defendant does not raise a prima facie case of discrimination. The evidence failed to demonstrate that the grand jury list was not a fairly representative cross-section of the intelligent and upright citizens of the county, nor did it reveal that blacks were underrepresented. *Berryhill v. State*, 249 Ga. 442 (291 SE2d 685) (1982). We find no error. Compare *Devier v. State*, 250 Ga. 652, 654 (300 SE2d 490) (1983); *Sanders v. State*, 237 Ga. 858 (230 SE2d 291) (1976).

2. Next, the defendant complains that the trial court erred in allowing a tape recording to be played to the jury absent a proper foundation or showing of voluntariness. She also complains that the quality of the tape was inadequate for the jury to understand it or for the court reporter to transcribe it. A copy of the tape is in the record before us.

We must point out that this is not a tape made by the police during a custodial interrogation, but a tape made by the defendant herself of the events of the evening, including the shooting. After the police arrived, she told them "I've got his confession on tape" and pointed to the recorder, which the police then seized. Since the tape was made by the defendant herself and was not made by the state during a custodial interrogation, the questions of voluntariness and the requirements of *Solomon, Inc. v. Edgar*, 92 Ga. App. 207 (88 SE2d 167) (1955), urged by the defendant, are not applicable. *Harris v. State*, 237 Ga. 718, 723-725 (230 SE2d 1) (1976); *Goodwin v. State*, 154 Ga. App. 46 (1) (267 SE2d 488) (1980). The issue of the audibility of a tape is addressed to the trial court's discretion under the circumstances and is not in itself a disqualifying factor. *Thomas v. State*, 240 Ga. 393, 399 (242 SE2d 1) (1977); *Green v. State*, 250 Ga. 610 (299 SE2d 544) (1983).

The police established a chain of custody and testified that the tape was the same when they first heard it and when it was played at trial, and identified the voices of the officers and the defendant. Nothing to the contrary was presented by the defendant, who identified the voice of the victim. It was the duty of the trial court to determine the adequacy of the foundation and to weigh the tape's probative effect against the prejudice to the defendant. *Catchings v. State*, 256 Ga. 241, 246 (347 SE2d 572) (1986). We find no abuse of discretion.

3. Finally, the defendant contends she was entitled to a charge, as requested, on involuntary manslaughter. OCGA § 16-5-3 (a) and (b). She points out that the state requested a charge on felony murder, with the underlying felony being aggravated assault, and that the jury found her guilty of felony murder. She argues, citing *Bowers v. State*, 177 Ga. App. 36 (338 SE2d 457) (1985), that the jury could have decided she was guilty of reckless conduct, rather than aggravated assault.

In *Bowers*, the Court of Appeals held that under the facts of that case, the misdemeanor offense of reckless conduct, OCGA § 16-5-60, was a lesser included offense of aggravated assault. There, the defendant was camping by a river, drank a beer, threw the bottle in the air and fired at it with his pistol, and hit the victim, who was on a sailboat anchored in the river and of whom the defendant claimed he was unaware. Noting that both crimes proscribe the same general conduct, i.e., subjecting another to actual injury or the possibility of injury, but differ as to whether the forbidden act is intentional or the product of criminal negligence, the Court of Appeals concluded that reckless conduct was a lesser included offense of aggravated assault. Therefore, since the indictment was sufficient to support the conviction for reckless conduct, the trial court in *Bowers* erred in failing to give the defendant's requested charge.

In the case before us, however, there is no evidence to support the requested lesser misdemeanor offense of reckless conduct, and the court's refusal to charge involuntary manslaughter was not error. *Smith v. State*, 253 Ga. 476, 477 (322 SE2d 58) (1984); *Lancaster v. State*, 250 Ga. 871, 873 (301 SE2d 882) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 22, 1987 —
RECONSIDERATION DENIED NOVEMBER 18, 1987.

*Weaver & Thurman, George W. Weaver, Brenda S. Weaver*, for appellant.

*Roger G. Queen, District Attorney, Angela Arkin Byne, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.