## A91A0489. LAWSON v. THE STATE.
### (406 SE2d 130)

BANKE, Presiding Judge.

The appellant was convicted of voluntary manslaughter. In this appeal from the denial of his motion for new trial, he contends that

the trial court erred in failing to give his requested charge on involuntary manslaughter as a lesser included offense. See generally OCGA § 16-5-3 (a).

The decedent was shot in the chest following an all-day "drinking binge" with the appellant and a third individual named Leroy Norton. At the time of the shooting, the appellant, Norton and the victim were alone in a mobile home belonging to a mutual friend. Norton pled guilty to concealing the death and to possession of a firearm by a convicted felon. He testified at trial that he had fallen asleep and had no recollection of the shooting but that after he awoke the appellant told him that the victim had shot himself.

The appellant executed a written waiver of his *Miranda* rights following his arrest, and during a tape-recorded interview told police investigators that the decedent had threatened to shoot himself and that he (the appellant) had helped him by loading a rifle and holding it in such a manner that the victim was able to reach up and pull the trigger. He was then informed that this account of the shooting was inconsistent with other information known to the officers, whereupon he changed his story, telling the officers that he had pointed the rifle at the victim and told him "he would help him die" after the latter threatened to kill himself, at which point the rifle "just went off." At trial, the appellant denied any involvement whatever in the shooting, testifying that Norton had given the rifle to the victim and that the victim had then shot himself. *Held:*

The appellant contends that the evidence, in the form of his prior statements, required a jury instruction on involuntary manslaughter in the commission of the misdemeanor offense of pointing a gun at another. See OCGA §§ 16-5-3 (a); 16-11-102. However, the appellant's testimony at trial was clearly inconsistent with such a charge, since he repudiated these prior statements and denied any involvement in the shooting. Furthermore, his pretrial statement that the rifle "just went off" as he was pointing it at the victim must be viewed in the context of his further statement that he had just finished telling the victim that he was "going to help him die." "[I]f the pointing of the firearm placed the victim in reasonable apprehension of immediate violent injury, the felony of aggravated assault has occurred." *Rhodes v. State*, 257 Ga. 368, 370 (359 SE2d 670) (1987). Under the circumstances, the trial court properly refused to charge on involuntary manslaughter as a lesser included offense. See generally *Wigfall v. State*, 257 Ga. 585 (3) (361 SE2d 376) (1987). Compare *Kerbo v. State*, 230 Ga. 241 (196 SE2d 424) (1973); *Motes v. State*, 192 Ga. App. 302 (2) (384 SE2d 463) (1989).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

Decided May 28, 1991.

*Carlton C. Carter*, for appellant.

*Thomas J. Charron, District Attorney, William M. Clark, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.