## A92A2108. JOHNSON v. THE STATE.
### (429 SE2d 690)

JOHNSON, Judge.

Larry D. Johnson was convicted of aggravated child molestation and two counts of child molestation. He appeals from his convictions and the denial of his motion for a new trial.

1. At a hearing outside of the jury's presence, Special Agent Clyde Heard testified that while administering a polygraph examination to Johnson, Johnson made certain inculpatory statements to him. Agent Heard testified that Johnson admitted that he had taken showers with the victim and had touched her breasts; and that he had had the occasion to injure himself and during that time the victim had taken part in bathing him, making contact with his penis. These statements were allegedly made to Agent Heard while they were inside the examination room, during the period before and after Johnson was connected to the polygraph machine. These two stages are referred to as the "pre-test" and "post-test" stages of the exam, respectively. The trial court had previously ruled the results of the polygraph exam inadmissible as there was no effective stipulation between the parties, but allowed the alleged statements made by Johnson during the pre-test and post-test periods to be admitted. Johnson contends that the trial court erred in admitting the statements into evidence. We agree.

It is well settled that *results* of unstipulated polygraph examina-

tions are inadmissible evidence. *Sustakovitch v. State,* 249 Ga. 273, 275 (2) (290 SE2d 77) (1982); *State v. Chambers,* 240 Ga. 76, 77 (239 SE2d 324) (1977). The question before us, however, is whether, as a matter of law, a defendant's "pre-test" and "post-test" statements made at an unstipulated, inconclusive polygraph examination may be admitted into evidence.

In *Brown v. State,* 175 Ga. App. 246 (333 SE2d 124) (1985), the trial court allowed into evidence testimony to the effect that after defendant entered into a stipulation that he would submit to a state-administered polygraph test and that the results would be admitted into evidence, he declined to take the test. We reversed the trial court in *Brown* acknowledging that "[i]n this State it is only evidence as to the *results* of polygraphs that is admissible, and then only upon express *stipulation* of the parties." Id. at 248. This is so because "doubt exists as to the complete reliability of lie detector tests." *State v. Chambers,* supra at 77.

The record reveals that the evidence presented at the hearing on this matter indicated that Johnson's inculpatory statements were made during, and as a result of, the polygraph exam. Agent Heard testified that: "Polygraph means from beginning to end, pre-test, post-test, in-test interviews; there are three portions to it. So the polygraph test is from the moment I talk to him until the moment he walks out the door. That's the polygraph examination."

We find the state's argument that the statements were admissible as pre-test or post-test statements to be untenable. All of the evidence presented at the hearing indicated that pre-test and post-test interviews are an integral part of the polygraph examination. We conclude that Johnson's inculpatory statements were made as a result of and, indeed, were a part of, an unstipulated polygraph examination and as such were inadmissible as evidence at his trial.[1]

We cannot hold the trial court's error in admitting the evidence to be harmless because we cannot say, as a matter of law, that the error did not contribute to Johnson's convictions. See *Brown v. State,* supra at 249 (4). Accordingly, we find that the trial court's error in admitting the prejudicial evidence requires that Johnson's conviction be reversed.

2. As a result of our holding above, we need not reach the appellant's remaining enumerations of error.

---

[1] We are further troubled by the fact that Johnson was advised by counsel, prior to entering the examination room, that the polygraph test was unstipulated and therefore nothing he said would be used against him at trial. This assurance created an expectation in Johnson that once he entered the room he was protected and is consistent with Agent Heard's testimony defining "polygraph test." Furthermore, the voluntariness of the subject statements is drawn into question by the additional fact that Johnson's counsel was not permitted in the examination room during the test.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 9, 1993 —
RECONSIDERATION DENIED MARCH 22, 1993 ■

*Cook, Noell, Tolley & Wiggins, Edward D. Tolley, Ronald E. Houser*, for appellant.

*Harry N. Gordon, District Attorney, James B. McClung, Assistant District Attorney*, for appellee.