S93A1989. ASHLEY v. THE STATE.
(439 SE2d 914)

BENHAM, Justice.

Appellant was found guilty of malice murder and armed robbery in the knifing death of Sarles W. Hall, and sentenced to life imprison-

ment.[1]

1. The victim, a local cocaine and marijuana dealer, was found under brush in a wooded area behind a Clarke County bar, with his empty pockets turned out. The victim's windpipe, carotid artery, and jugular vein were cut by several knife wounds, and a high quantity of cocaine metabolite was found in his bloodstream. A number of empty syringes were found nearby. The victim's girl friend testified that the victim would have had on his person his wallet, his keys, and small quantities of cocaine or the cash derived from the sale of the contraband. She stated that appellant's desire to procure a quarter-ounce of cocaine from the victim kept the victim from leaving the bar when the witness desired. Shortly thereafter, appellant and the victim left together, and she never saw the victim alive again.

When the witness was later looking for the victim near midnight, appellant told her the victim had left for a short time with someone else. Because appellant wanted cocaine to which the girl friend had access, appellant and the girl friend went to the apartment the victim shared with the girl friend. When the girl friend was unable to find her house key in her purse, appellant produced, purportedly from the girl friend's purse, the victim's distinctive key ring. A bouncer employed by the bar testified that appellant, who was indebted to him, made partial payment early in the evening, and paid off the entire debt as the bar's 1:00 a.m. closing time neared. A woman testified that she found the victim's wallet on the passenger floorboard of her car the morning after the murder, and saw her boyfriend and appellant burn it the following day. Another person testified that appellant had sat in the front passenger seat of the woman's car for a short time the night of the murder. Droplets of human blood insufficient for human blood-typing were found on appellant's shoes which a witness had seen appellant cleaning with a toothbrush and cleanser after the murder. The trial court called as its witness Donald Bates, who testified that appellant had told him while they were in jail together that he had killed the victim in order to obtain money and/or drugs. The evidence presented by the State was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of

---

[1] The crimes occurred on May 6, 1989. The Clarke County grand jury indicted appellant after a special presentment in October 1992, and appellant was tried November 9-13 and 17-19, 1992. The consecutive life sentences imposed by the trial court were filed on November 24, 1992. A motion for new trial, filed on December 17, 1992, and amended May 28 and June 10, 1993, was denied June 11, 1993. Appellant's motion to reconsider his motion for new trial based on newly-discovered evidence was filed on July 6, and denied on September 21. On August 27, 1993, appellant filed a motion for leave to file an out-of-time appeal, which the trial court granted the same day. Appellant's notice of appeal was filed August 27, and the case was docketed in this court on September 24. Oral argument was heard on November 16, 1993.

murder and armed robbery. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During their deliberations, the jurors asked to see the transcripts of pretrial interviews and testimony of witnesses to which counsel referred while questioning the witnesses at trial. The trial court refused the request on the ground that the material sought had not been introduced into evidence, and told the jury that the pretrial statements were not made under oath or at a time when the witness was subject to cross-examination. After the jury had resumed its deliberations, counsel for appellant contested the assertion that all the material sought by the jury was not made while under oath, but agreed that there was nothing in the nature of evidence at which the jury could look. Appellant now contends the trial court erroneously implied to the jury that the out-of-court statements were not evidence. After reading the portion of the transcript that sets forth the exchange between the inquiring jury and the trial court, we conclude that the trial court made no such implication to the jury.

3. Appellant's remaining enumerations of error concern Donald Bates, the witness called by the court.

(a) Appellant asserts the trial court abused its discretion by calling Bates as a witness, and enhanced the credibility of the witness by calling him as a court witness. A trial court has the right to develop fully the truth of a case (*Gillis v. Bowman,* 132 Ga. 762 (1) (64 SE 1096) (1909)), and may exercise this right by examining witnesses called by the parties, or by calling its own witnesses. See, e.g., *Morrison v. State,* 258 Ga. 683, 685, fn. 2 (373 SE2d 506) (1988); *Sosebee v. State,* 257 Ga. 298 (357 SE2d 562) (1987); *Thomas v. State,* 240 Ga. 393 (3) (242 SE2d 1) (1977). Thus, we cannot say the trial court abused its discretion in calling Bates as a court witness.

In the case at bar, the trial court prefaced Bates' testimony with an explanation that Bates had previously testified inconsistently with regard to the case and the court was taking the unusual step of calling him as a court's witness because his testimony "may possibly possess value." The trial court then specifically disclaimed vouching in any way for Bates' accuracy or veracity. In light of the trial court's explicit disclaimer concerning the credibility of the witness, we cannot agree with appellant that the trial court improperly enhanced the credibility of the witness.

(b) During defense counsel's cross-examination of Bates, the witness admitted that he had previously given police officers false information about the case; that he had been convicted six times for forgery; that he had just been released from the mental health unit of a state correctional institution; and that he had mental health problems and was being treated with Prozac. Defense counsel sought to present testimony from an assistant district attorney that, in another murder

case, Bates had given authorities false information concerning the identity of the perpetrator in exchange for favorable treatment from the authorities. The trial court refused to allow the evidence after sustaining the State's objection that it was irrelevant and collateral. Appellant contends the trial court erred in limiting his cross-examination of the witness.

> "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions in memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness. . . . [Cits.]"

*Hines v. State,* 249 Ga. 257 (2) (290 SE2d 911) (1982). The excluded testimony went to the credibility of the witness and was, therefore, an appropriate subject of inquiry. However, we cannot say the trial court abused its discretion and exercised unreasonable judgment when it determined that defense counsel's proposed avenue of attack, to introduce an unsworn statement purportedly made by Bates in an unrelated case through the testimony of an assistant district attorney, was collateral. See *Walker v. State,* 74 Ga. App. 48, 50 (39 SE2d 75) (1946).

(c) Appellant's motion for new trial was based, in part, on an affidavit executed by Bates in which he stated that he had lied when he testified that appellant had told him that appellant had killed the victim. Defense counsel presented testimony from Bates' sister-in-law that Bates had admitted to her that he had testified falsely. At a hearing on the motion for new trial, Bates admitted he was unclear whether appellant had or had not told him he had committed the crime, but denied having told defense counsel he had lied at trial. Appellant now contends the trial court erred when it denied his motion for new trial in light of the evidence that Bates committed perjury at trial. Since the evidence put forth by appellant did not meet the requirements for granting a new trial based on newly-discovered evidence as set forth in *Timberlake v. State,* 246 Ga. 488, 491 (271 SE2d 792) (1980), the trial court did not err when it denied the motion for new trial. Inasmuch as there is doubt whether Bates' testimony was "purest fabrication," appellant's reliance on *Fugitt v. State,* 251 Ga. 451 (307 SE2d 471) (1983), is misplaced. Since there is no evidence that Bates was convicted of perjury or that the conviction could not have been obtained without his testimony, OCGA § 17-1-4 is not applicable. See *Fugitt v. State,* supra (Gregory, J., special con-

currence).
*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1994.

*Russell C. Gabriel,* for appellant.
*Harry N. Gordon, District Attorney, Richard Lee Dickson, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff Attorney,* for appellee.