### S95A0829. SMITH v. THE STATE.
(459 SE2d 420)

CARLEY, Justice.

After a jury trial, Smith was found guilty of malice murder and armed robbery. The trial court entered judgments of conviction on the guilty verdicts and sentenced Smith to life imprisonment for the murder and to a consecutive 20-year term for the armed robbery. Smith's motion for new trial was denied and he appeals.[1]

1. Smith enumerates the general grounds. The evidence shows that the victim had been beaten and stabbed and that $100 belonging to him was missing. Smith was with the victim on the night of the murder and was seen near the victim's apartment early on the morning after. Smith's wallet was found outside the victim's home and a bloody knife was found between Smith's trailer park and the victim's home. A DNA test showed blood on Smith's pants to be consistent with the victim's blood. After a polygraph test, Smith gave police a statement wherein he claimed that he witnessed a stranger commit

[6] OCGA § 44-5-161; *Johnson v. Key,* 173 Ga. 586, 591 (160 SE 794) (1931).
[1] The crimes occurred on May 4, 1991. Appellant was indicted on September 3, 1991. The verdicts were returned and the sentences were imposed on April 9, 1992. Appellant's motion for new trial was filed on May 8, 1992, amended on December 20, 1994 and denied on January 17, 1995. His notice of appeal was filed on February 9, 1995. The case was docketed in this court on February 24, 1995 and was submitted for decision on April 17, 1995.

the murder and that the stranger gave him some of the victim's money. The evidence presented by the State was sufficient to authorize a rational trier of fact to find Smith guilty beyond a reasonable doubt of murder and armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Ashley v. State*, 263 Ga. 820, 821 (1) (439 SE2d 914) (1994).

2. Smith requested a polygraph examination and, before the examination was administered, he was given *Miranda* warnings. Smith's attorney was present at the outset, but left before the examination was completed. The examination indicated that Smith was withholding some knowledge of the murder. After completion of the examination, Smith was questioned further about the results and gave the statement claiming that he had witnessed the murder. Smith sought to exclude his post-polygraph statement from evidence. After a *Jackson-Denno* hearing, the trial court found that the statement was admissible and this evidentiary ruling is enumerated as error.

Contrary to Smith's contention, his statement was not inadmissible simply because it was made after the taking of a polygraph examination. *Drane v. State*, 265 Ga. 255, 258 (5) (455 SE2d 27) (1995). Likewise, Smith's contention that, under *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981), the statement would be inadmissible because he was represented by counsel who was not present at the post-polygraph interrogation regarding the results of the examination is without merit, since he himself had initiated that examination. *Wyrick v. Fields*, 459 U. S. 42 (103 SC 394, 74 LE2d 214) (1982); *Parker v. State*, 256 Ga. 543, 546 (1) (c) (350 SE2d 570) (1986). A review of the *Jackson-Denno* hearing shows that the trial court's finding that the statement was freely and voluntarily made is not clearly erroneous. See *McCulligh v. State*, 169 Ga. App. 717, 719 (1) (314 SE2d 724) (1984). Thus, there was no error in the admission of the post-polygraph statement for any of the reasons urged by Smith.

3. After the State's DNA expert witness testified as to his qualifications and described the concept of DNA testing, he testified that, in the test of the blood on Smith's pants, he had employed a kit that he himself had not prepared. Smith's only objection at trial was that the preparer of the kit was not present to testify and that the expert's testimony on the subject would be hearsay. This objection was overruled, and the State then questioned its expert as to the test results.

On appeal, Smith does not contend that his hearsay objection was erroneously overruled. Instead, his contention is that the trial court erred in failing to make any preliminary finding as to the reliability of DNA testing. See *Johnson v. State*, 264 Ga. 456, 458 (5) (448 SE2d 177) (1994). However, this objection to the admission of the DNA evidence was not raised at trial and it has not, therefore, been

preserved for appeal. *Morris v. State*, 212 Ga. App. 42 (441 SE2d 273) (1994).

4. Smith also contends that the trial court erred in not requiring the State to introduce the entirety of the polygraph process and in allowing the State to place Smith's character in issue. These enumerations of error have been considered and are found to be without merit.

*Judgments affirmed. Benham, C. J., Fletcher, P. J., Sears, Hunstein and Thompson, JJ., concur.*

DECIDED JULY 14, 1995.

*William P. Bartles*, for appellant.

*Fredric D. Bright, District Attorney, Paul L. Groth, Wilson B. Mitcham, Jr., Assistant District Attorneys, Michael J. Bowers, Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.

