A96A1259. THE STATE v. ROGERS.
(479 SE2d 377)

BLACKBURN, Judge.

The State appeals the trial court's grant of Rogers' motion to suppress statements he made during an interrogation which took place at the conclusion of a State-administered polygraph examination.

A trial court ruling on a motion to suppress sits as a finder of fact. In cases involving conflicting evidence, its findings are analogous to a jury verdict, and they should not be disturbed by a reviewing court if there is any evidence to uphold them. *Ward v. State*, 193 Ga. App. 137, 138 (387 SE2d 150) (1989). A reviewing court, furthermore, must "construe the evidence most favorably to the upholding of the trial court's findings and judgment." *Tate v. State*, 264 Ga. 53, 54 (440 SE2d 646) (1994).

In this case, however, the facts are not in dispute, and this Court has the further benefit of reviewing a videotape made of the polygraph examination and interrogation at issue. When controlling facts are undisputed, our review of a motion to suppress is de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The trial court found that Rogers came to the police station without an attorney and submitted to a polygraph examination given by a Clayton County police sergeant. Rogers executed forms indicating that he freely and voluntarily consented to the exam, that he understood and waived his *Miranda* rights, and that he would stipulate to the admissibility of any evidence obtained from the examination. After explaining the process, the officer gave Rogers the polygraph examination. When it ended, he pulled his chair very close to Rogers, showed him the test results and said they indicated a "99 percent probability" that his answers were deceptive, and began an "extensive and lengthy" interrogation, the results of which the trial court excluded. Although it excluded the post-test statements, the trial court denied Rogers' motion to exclude the results of the test itself.

Rogers could read and write and had a general equivalency diploma. He admitted he knew when he signed the stipulation that the officer was taking the polygraph for use as evidence. The polygraph consent form he signed states: "It is, also, stipulated that any questions propounded by [the officer], relating to [State of Georgia v. Rogers] and the answers thereto given by [Rogers] and the recordings of [Rogers'] reactions thereto and everything appertaining to said examination, including any statements given and the entire results of said answers, be received in evidence in the above styled case, either on behalf of the State or on behalf of [Rogers] and [Rogers] hereby, waives his constitutional privileges against self-incrimination to the extent that the same may be involved in the presentation in evidence of the foregoing matters. It is expressly stipulated that the foregoing shall not constitute a waiver of the defendant's privileges against self-incrimination except as set forth above." The officer also read Rogers his *Miranda* rights, including the right to remain silent and to stop answering questions at any time. Rogers signed a separate form stating he understood and waived those rights.[1]

The trial court erred by excluding the results of the post-test interrogation. As the Georgia Supreme Court stated in *Drane v. State*, 265 Ga. 255, 258 (5) (455 SE2d 27) (1995), "admissions which are otherwise competent and admissible are not to be excluded simply because the admissions were made after the taking of a lie detector test." Accord *Smith v. State*, 265 Ga. 570, 571 (2) (459 SE2d 420) (1995).

As in *Smith*, Rogers' statements were made at the conclusion of a polygraph to which he had consented, after he was informed of his *Miranda* rights.[2] This case presents an even stronger basis for admitting the interrogation results than do the facts of *Drane*, which centered around an *unstipulated* polygraph examination, the results of which are *not* admissible at trial. Compare *Johnson v. State*, 208 Ga. App. 87 (429 SE2d 690) (1993), which *Drane* overruled. Rogers was read his constitutional rights and acknowledged that he understood those rights, including the right to remain silent, the right against self-incrimination, and the right to refuse to answer questions at any time. As the trial court ruled, he understood that the questions and answers given during the test would be admitted at trial, including

---

[1] Rogers testified at the hearing that he believed police were going to use the test results only for their investigation and would not present them in a court of law. The videotape and waiver form show the officer told him they would be used in a court of law. By denying Rogers' motion to exclude the test results the trial court impliedly rejected his testimony on this issue.

[2] We assume without deciding that Rogers was in custody at the time he made the statements at issue.

the results of that test. Therefore, under *Drane* and *Smith*, the trial court had no basis to conclude that Rogers believed his *post*-test statements would not be used against him. Although each of those cases involved the *denial* of a motion to suppress, the principle stated therein applies equally to this case.

The trial court erroneously relied on *State v. Williams*, 217 Ga. App. 734 (458 SE2d 906) (1995), a case involving this same police sergeant. In that case, however, the evidence showed the officer breached an agreement with the defendant's attorney that he would ask only specifically approved questions during the exam, and that the defendant had agreed to the exam based on his attorney's agreement. Id. at 735-736. Furthermore, the defendant in *Williams* asked for his attorney several times but was told his attorney had left the police station. Id. at 736.

The trial court expressed an appropriate concern that the police sergeant should not be both polygraph examiner and interrogator. Our Supreme Court in *Drane* approved such duality, and we find no case or statutory authority prohibiting it. We are bound by our Supreme Court's ruling, and it is for the legislature to address this practice.

Under the circumstances of this case, the record shows this literate, adult defendant, who was aware of the charges against him, voluntarily went to the police station to be asked questions he knew would be admitted into evidence. At the police station, he was informed of his constitutional rights, voluntarily waived those rights, and took a polygraph exam. Immediately after the exam, the officer initiated the questioning which resulted in the statements at issue. See *McKenzie v. State*, 187 Ga. App. 840, 844 (4) (371 SE2d 869) (1988) (officer not required to re-administer *Miranda* warnings before a second interrogation where only a short time passes between giving of warnings and defendant's statement). His post-test statements were made freely and voluntarily, and the trial court erred in holding otherwise. See *Reinhardt v. State*, 263 Ga. 113, 115 (3) (428 SE2d 333) (1993); *Williams v. State*, 238 Ga. 298, 303 (2) (232 SE2d 535) (1977).

*Judgment reversed. Birdsong, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur with the opinion except in two instances. With respect to the criticism of the polygraph examiner acting also as interrogator, I am not prepared to intimate or suggest that it should not be permitted.

Second, the record shows that Rogers was not in custody at the time he made the statements. Nor were any charges pending against

him when the statements were made and reduced to writing by Rogers. Like the defendant in *Smith v. State*, 265 Ga. 570, 571 (2) (459 SE2d 420) (1995), Rogers had initiated the examination. There is no indication that he considered the session at an end when he was handed the results or that he wished to terminate it there. He had come to the police department to try to exonerate himself from the claims being made by the child. He was not arrested until after he wrote his statements. Because he was not in custody at any time during the session, it was not necessary to provide the *Miranda* warnings before asking any questions. *Miranda v. Arizona*, 384 U. S. 436, 444 (86 SC 1602, 16 LE2d 694) (1966); *Woods v. State*, 242 Ga. 277, 279 (2) (248 SE2d 612) (1978); *Brinson v. State*, 191 Ga. App. 151, 152 (4) (381 SE2d 292) (1989).

*State v. Williams*, 217 Ga. App. 734 (458 SE2d 906) (1995), differs in that Williams, having already been indicted, refused to provide information but was pressured even after he asked for his attorney several times. The evidence showed that Williams' waiver of *Miranda* rights was limited to polygraph questions, and only those which were counsel-approved. It further showed that the officer assured counsel "he would not go beyond the limited scope of the approved questioning and that he would not attempt to circumvent defense counsel's directions for defendant 'to answer the questions as briefly as possible and to volunteer no information.'" *State v. Williams*, 217 Ga. App. at 736. Thus, the questioning which exceeded these bounds entered the realm of coercion, of which there is no evidence in Rogers' case.

Just as the results of the polygraph exam are admissible, as the trial court ruled, so are Rogers' statements made thereafter.

Even if he was in custody, as the majority expressly assumes without so ruling, the trial court erred in excluding the statements.

DECIDED NOVEMBER 13, 1996.

*Robert E. Keller*, District Attorney, *Nancy Trehub*, Assistant District Attorney, for appellant.

*Patricia A. Buttaro*, for appellee.