# Court of Appeals
# of the State of Georgia

ATLANTA,　October 02, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0208. GEORGE MCCULLIGH v. THE STATE.

In 1983, George McCulligh was convicted of rape, aggravated battery, robbery, and burglary, for which he was sentenced to life plus twenty years in prison. His convictions were affirmed on direct appeal. See *McCulligh v. State*, 169 Ga. App. 717 (314 SE2d 724) (1984). In March 2020, McCulligh filed a motion seeking a copy of the indictment and transcript from his criminal case. In his motion, he asserted that he needed the indictment and transcript for post-conviction relief based on new information. McCulligh did not attach to his motion a copy of a habeas petition or an affidavit. The trial court denied McCulligh's motion because he failed to attach a copy of any proposed or pending habeas corpus petition, and thereby he failed to show necessity or justification. McCulligh then filed this direct appeal.

"[W]hile an indigent is entitled to a copy of his trial transcript for a direct appeal of his conviction, such is not the case in collateral post-conviction proceedings. After the time for appeal has expired there is no due process or equal protection right to a free copy of one's court records absent a showing of necessity or justification." *Schoicket v. State*, 304 Ga. 255, 255 (818 SE2d 561) (2018). McCulligh already received a copy of his transcript for his direct appeal, and he has failed to show that he is now pursuing a habeas action. Thus, he failed to make a showing of necessity or justification. See *Mydell v. Clerk, Superior Court of Chatham County*, 241 Ga. 24, 25 (243 SE2d 72) (1978) (holding that a request for transcript should be accompanied by an affidavit setting out, inter alia, the particular reason why a transcript is necessary and attaching the pending or proposed habeas petition). Accordingly, "the trial court should have dismissed [McCulligh's] motion as a nullity,

and he has nothing cognizable to appeal." *Henderson v. State*, 303 Ga. 241, 244 (2) (811 SE2d 388) (2018); accord *Schoicket*, 304 Ga. at 255. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   10/02/2020*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*